1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10   JED and ALISA BEHAR,                    CASE NO. 2:21-cv-03946-FMO-SK

11              Plaintiffs,                  **[PROPOSED] ORDER GRANTING DEFENDANTS NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO DISMISS CLAIMS FOR: (1) STRICT LIABILITY (ABNORMALLY DANGEROUS ACTIVITY); (2) PUNITIVE DAMAGES; AND (3) UNJUST ENRICHMENT**

12        v.

13   NORTHROP GRUMMAN CORPORATION and NORTHROP GRUMMAN SYSTEMS CORPORATION,

14

15

16              Defendants.

17                                           Judge:     Hon. Fernando M. Olguin

18

19

20

21

22

23

24

25

26

27

28

1    The Court, having considered the materials and arguments submitted by

2    Defendants Northrop Grumman Corporation and Northrop Grumman Systems

3    Corporation in support of their Motion to Dismiss, hereby **GRANTS** Defendants'

4    Motion and dismisses Plaintiffs' claim for strict liability based on abnormally dangerous

5    activity, demand for punitive damages, and request for relief based on unjust enrichment.

6    Plaintiffs' strict liability claim is facially defective for three reasons: *First*, the

7    commercial and industrial uses of chlorinated solvents like trichloroethylene ("TCE")

8    and perchloroethylene ("PCE") have been repeatedly rejected as ultrahazardous

9    activities, including at the pleading stage. *See, e.g.*, *Greenfield MHP Assocs., L.P. v.*

10    *Ametek, Inc.*, 145 F. Supp. 3d 1000, 1010 (S.D. Cal. 2015) (granting motion to dismiss);

11    *see also, O'Connor v. Boeing N. Am., Inc.*, No. 97-1554 DT (RCx), 2005 WL 6035255,

12    at *18 (C.D. Cal. Aug. 18, 2005) ("In California, the use of TCE has never been

13    considered so hazardous to the public generally that liability must be imposed in the

14    absence of negligence."); *In re Burbank Env't Litig.*, 42 F. Supp. 2d 976, 983 (C.D. Cal.

15    1998) ("plaintiffs have not stated sufficient facts to establish the use of TCE [and]

16    PCE . . . is an ultrahazardous activity."). *Second*, according to Plaintiffs' own

17    allegations, *e.g.*, Compl. ¶¶ 19–20, Defendants' exercise of reasonable care could have

18    eliminated the purported harms, thus foreclosing Plaintiffs' strict liability claim. *See*

19    *Edwards v. Post Transp. Co.*, 228 Cal. App. 3d 980, 985 (1991) ("The theory of

20    imposition of strict liability for ultrahazardous activity is that the danger cannot be

21    eliminated through the use of care."). *Third*, a claim that a physical injury is merely

22    possible in the future, as Plaintiffs here allege, is not the type of serious physical injury

23    to person or property that can support a strict liability claim for ultrahazardous activity.

24    *See Blue Water Boating Inc. v. Plains All Am. Pipeline*, L.P., No. 16-3283 PSG (JEMx),

25    2017 WL 405425, at *4 (C.D. Cal. Jan. 26, 2017) (holding that the plaintiff's economic

26    harms were "not in the same category" as the harms articulated in cases in which strict

27    liability for ultrahazardous activity was found). Accordingly, for these three

28    independent reasons, the Court dismisses Plaintiffs' strict liability claim with prejudice.

Plaintiffs also fail to plead facts sufficient to demonstrate their entitlement to punitive damages. As corporations, Defendants are legally incapable of harboring the animus required for punitive damages. *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000) ("Corporations are legal entities which do not have minds capable of recklessness, wickedness, or intent to injure or deceive."). Plaintiffs must therefore identify officers, directors, or managing agents of Defendants and describe actions of such individuals constituting the oppression, fraud, or malice for which punitive damages can be awarded under California law. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 ("[A] corporate entity cannot commit willful and malicious conduct; instead, 'the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.'") (quoting Cal. Civ. Code § 3294(b)). Plaintiffs' conclusory assertions that Defendants acted with "actual malice" and "willful disregard" are not enough, *e.g.*, Compl. ¶ 72, and thus the Court dismisses Plaintiffs' demand for punitive damages without prejudice.

Finally, California law does not recognize Plaintiffs' purported cause of action for "unjust enrichment." *See, e.g.*, *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003)). Additionally, Plaintiffs can only seek equitable relief, including common law unjust enrichment/restitution, if they make plausible allegations that they lack an adequate legal remedy. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of request for equitable restitution where plaintiff failed to establish she lacked adequate remedy at law). Here, Plaintiffs make no allegation that they lack an adequate legal remedy and, in fact, plead an adequate legal remedy. *See, e.g.*, Compl. ¶ 119; *id.* at pp. 29–30. The Court therefore dismisses Plaintiffs' request for relief based on unjust enrichment with prejudice. *See McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014) (dismissing unjust enrichment claim with prejudice).

For these reasons, the Court **GRANTS** Defendants' Motion and dismisses Plaintiffs' claim for strict liability based on abnormally dangerous activity and request for relief based on unjust enrichment with prejudice.  The Court dismisses Plaintiffs' demand for punitive damages without prejudice.

**IT IS SO ORDERED.**

Dated: _____

_____

Hon. Fernando M. Olguin
United States District Judge