1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             CENTRAL DISTRICT OF CALIFORNIA

10  | JED and ALISA BEHAR, | CASE NO. 2:21-cv-03946-FMO-SK
11  |        Plaintiffs,    | **[PROPOSED] ORDER GRANTING DEFENDANTS NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION'S MOTION TO STRIKE CLASS ALLEGATIONS**
12  |   v.                  |
13  | NORTHROP GRUMMAN       |
14  | CORPORATION and NORTHROP GRUMMAN SYSTEMS CORPORATION, |
15  |                        | Judge:   Hon. Fernando M. Olguin
16  |        Defendants.     |

The Court, having considered the materials and arguments submitted by Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation in support of their Motion to Strike Class Allegations, hereby **GRANTS** Defendants' Motion.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking class allegations at the motion to dismiss stage is appropriate "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009). Further, under Rule 23(c)(1)(A) and Civil Local Rule 23-3, the Court must determine class certification at the "earl[iest] practicable time." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940, 946 (9th Cir. 2009); *see also* Fed. R. Civ. P. 23(c)(1)(A); Civ. L.R. 23-3.

Plaintiffs seek to certify a "Medical Monitoring Class" that would require Defendants to bear the costs of medical monitoring for those residents who lived or worked in the Canoga Park neighborhood of Los Angeles at any time between 1967 and the present. Compl. (Dkt. 1) ¶¶ 8, 48, 56. It is apparent from the face of Plaintiffs' Complaint that Plaintiffs cannot satisfy any of the requirements of Rule 23(b). First, certification is not appropriate under Rule 23(b)(3)'s "predominance" requirement because medical monitoring claims "inescapabl[y]" raise individual issues related to causation and damages, which preclude certification. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001); *see also O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359, 379–81 (C.D. Cal. 1997); *Lockheed Martin Corp. v. Super. Ct.*, 29 Cal. 4th 1096, 1109 (2003). Second, Plaintiffs cannot seek certification under the alternative Rule 23(b)(1) or (b)(2) grounds because they seek monetary, rather than injunctive or declaratory, relief. The Ninth Circuit has categorically rejected certification under Rule 23(b)(1)(A) or 23(b)(2) where a plaintiff seeks monetary relief in the form of a "medical monitoring fund." *Zinser*, 253 F.3d at 1193–96. And certification under Rule

23(b)(1)(B) is equally unavailable given Plaintiffs have failed to make a *prima facie* showing that separate actions "inescapably will alter the substance of the rights of others having similar claims." *In re N. Dist. of California, Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 851 (9th Cir. 1982); *Khosroabadi v. Mazgani Soc. Servs., Inc.*, No. 17-1700644-CJC, 2017 WL 8236358, at *5 (C.D. Cal. Sept. 26, 2017).

Accordingly, Plaintiffs' Medical Monitoring Class allegations are hereby stricken with prejudice.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Fernando M. Olguin
United States District Judge