PATRICK W. DENNIS, SBN 106796
  pdennis@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
  cchorba@gibsondunn.com
PERLETTE MICHELE JURA, SBN 242332
  pjura@gibsondunn.com
ABBEY HUDSON, SBN 266885
  ahudson@gibsondunn.com
ALEXANDER SWANSON, SBN 280947
  aswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JOHN CERMAK, SBN 146799
  jcermak@cermaklegal.com
HANNAH BLOINK, SBN 307442
  hbloink@cermaklegal.com
CERMAK & INGLIN, LLP
12121 Wilshire Blvd, Ste 322
Los Angeles, CA 90025-1166
Telephone:  424.465.1531
Facsimile:   424.371.5032

Attorneys for Defendants NORTHROP
GRUMMAN CORPORATION and
NORTHROP GRUMMAN SYSTEMS
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JED and ALISA BEHAR,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NORTHROP GRUMMAN<br>CORPORATION and NORTHROP<br>GRUMMAN SYSTEMS<br>CORPORATION,<br><br>                    Defendants. | CASE NO. 2:21-cv-03946-FMO-SK<br><br>**DEFENDANTS NORTHROP<br>GRUMMAN CORPORATION AND<br>NORTHROP GRUMMAN SYSTEMS<br>CORPORATION'S ANSWER TO<br>PLAINTIFFS' COMPLAINT**<br><br>Judge:      Hon. Fernando M. Olguin<br><br>Complaint Served:  June 30, 2021 |

## **DEFENDANTS' ANSWER**

Defendants Northrop Grumman Corporation[1] and Northrop Grumman Systems Corporation ("Northrop Grumman") answer the Complaint of Jed and Alisa Behar ("Plaintiffs") as follows:

1.     Northrop Grumman admits that Paragraph 1 of the Complaint purports to define "the Site" as stated in Paragraph 1.  Northrop Grumman denies that "[t]he Site has been owned and operated by the Defendants since 1967."  Northrop Grumman denies that "[d]uring its ownership and operation of the Site the Defendants: (1) mishandled and released hazardous and toxic substances at the Site, (2) disposed of hazardous wastes at the Site, and (3) mishandled the management and the cleanup of the wastes and substances released from the Site."  Northrop Grumman denies that it withheld or concealed knowledge of any alleged contamination from Plaintiffs and the alleged Class Members.  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 1 and on that basis denies the allegations.

2.     Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 2 and on that basis denies the allegations.

3.     Northrop Grumman denies that it "concealed the presence of the[] Contaminants and their releasing, leaking and migrating from the Site," and that it "concealed the fact that the Contaminants were migrating onto, into, at and around the Plaintiffs' and the Class Members' properties."  To the extent the remaining allegations in Paragraph 3 pertain to Northrop Grumman, Northrop Grumman lacks sufficient information at this time to respond and on that basis denies the allegations.

---

[1] Although this Answer is submitted on behalf of all Defendants, Northrop Grumman Corporation is not a proper party to this action.  Northrop Grumman Corporation is a pure shareholder for Northrop Grumman Systems Corporation and was never either an owner or operator of the Site at issue in this litigation, nor was it an owner or operator of any entity that has any liability as a former owner or operator of the Site. Northrop Grumman Systems Corporation is the successor in interest to Litton Industries, Inc., which was an owner but not an operator of the Site at issue in this litigation.

4.     To the extent the allegations in Paragraph 4 relate to Northrop Grumman's operations at the Site, Northrop Grumman denies the allegations in Paragraph 4 of the Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 4 and on that basis denies the allegations.

5.     Paragraph 5 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  To the extent a response is required, Northrop Grumman admits that Paragraph 5 of the Complaint purports to define a "Property Damage Class."  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 5 and on that basis denies the allegations.

6.     Northrop Grumman denies that any alleged "containment, handling, and remedial activities" by Northrop Grumman were "inadequate." Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 6 and on that basis denies the allegations.

7.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 7 and on that basis denies the allegations.

8.     Paragraph 8 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.   Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 8 and on that basis denies the allegations.

9.     Northrop Grumman admits that Northrop Grumman Corporation and Northrop Grumman Systems Corporation were incorporated in Delaware.  Northrop Grumman admits that Northrop Grumman Systems Corporation is a wholly owned subsidiary of Northrop Grumman Corporation.   Northrop Grumman admits that Northrop Grumman Corporation's principal executive offices are located at 2980 Fairview Park Drive, Falls Church, Virginia 22042.  Northrop Grumman admits that its

Gibson, Dunn &
Crutcher LLP

business includes, but is not limited to, aerospace, technology, and defense industry business.  Paragraph 9 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 9 and on that basis denies the allegations.

10.     Paragraph 10 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 10 and on that basis denies the allegations.

11.     Paragraph 11 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 11 and on that basis denies the allegations.

12.     Northrop Grumman denies that it has caused harm to Plaintiffs and Class Members in this District.  Paragraph 12 states various legal conclusions to which no responsive pleading is required.  To the extent a further response is required, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 12 and on that basis denies the allegations.

13.     To the extent the allegations in Paragraph 13 relate to Northrop Grumman's operations at the Site, Northrop Grumman denies the allegations in Paragraph 13 of the Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 13 and on that basis denies the allegations.

14.     Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 14 and on that basis denies the allegations.

15.    Northrop Grumman denies that "[t]he Site was in operation from roughly 1967 – 2002 as a circuit board manufacturer" as alleged in Paragraph 15 of the Complaint.    Northrop Grumman denies that it "release[d] and dispos[ed] of Contaminants creat[ing] an imminent and substantial threat to public health, to the Plaintiffs' and the Class Members' health and wellbeing, and creat[ing] dangerous conditions at Plaintiffs' and Class Members properties and residences."    Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 15 and on that basis denies the allegations.

16.    Paragraph 16 states a legal conclusion to which no responsive pleading is required.    With respect to the remaining allegations in Paragraph 16, Northrop Grumman lacks sufficient information at this time to respond and on that basis denies the allegations.

17.    Northrop Grumman denies the allegations in Paragraph 17 of the Complaint.

18.    Northrop Grumman denies the allegations in Paragraph 18 of the Complaint.

19.    Northrop Grumman denies that it improperly remediated or contained any alleged contamination.    Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 19 and on that basis denies the allegations.

20.    Northrop Grumman denies that it failed to "notif[y] the public" as alleged in Paragraph 20 of the Complaint.    Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 20 and on that basis denies the allegations.

21.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 21 of the Complaint and on that basis denies the allegations.

22.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 22 of the Complaint and on that basis denies the allegations.

23.     Northrop Grumman denies the allegations in Paragraph 23 of the Complaint.

24.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 24 of the Complaint and on that basis denies the allegations.

25.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 25 of the Complaint and on that basis denies the allegations.

26.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 26 of the Complaint and on that basis denies the allegations.

27.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 27 of the Complaint and on that basis denies the allegations.

28.     Northrop Grumman denies the allegations in Paragraph 28 of the Complaint.

29.     Northrop Grumman denies the allegation in Paragraph 29 of the Complaint that Northrop Grumman did not notify Plaintiffs and Class Members about the presence of alleged contaminants.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 29 and on that basis denies the allegations.

30.     Northrop Grumman denies the allegations in Paragraph 30 of the Complaint.

31.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 31 of the Complaint and on that basis denies the allegations.

32.     To the extent the allegations in Paragraph 32 relate to Northrop Grumman's operations at the Site, Northrop Grumman denies the allegations in Paragraph 32 of the Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 32 of the Complaint and on that basis denies the allegations.

33.     Northrop Grumman admits that Plaintiffs purport to seek the redress and damages set forth in Paragraph 33.  To the extent alleged, Northrop Grumman denies that it engaged in "carelessness, recklessness, negligent, willful and wanton actions in violation of law, and willful disregard of persons who foreseeably might be harmed by [its] acts or omissions."  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 33 of the Complaint and on that basis denies the allegations.

34.     Northrop Grumman denies the allegations in Paragraph 34 of the Complaint.

35.     Northrop Grumman denies that it "did not adequately design the Site investigation and the Site Contaminant response and corrective action in the Class Area."  Northrop Grumman denies that it did not  "publicize the scope and extent of Contamination (and its associated risks)."  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 35 and on that basis denies the allegations.

36.     Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 35 as though fully set forth herein.

37.     Paragraph 37 states a legal conclusion to which no responsive pleading is required.  Defendant denies that it "concealed" any alleged contamination or pollution. Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 37 and on that basis denies the allegations.

38.     Northrop Grumman denies the allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 states a legal conclusion to which no responsive pleading is required.  Northrop Grumman otherwise denies the allegations in Paragraph 39 of the Complaint.

40.     Northrop Grumman denies that it was engaged in any "wrongdoing alleged," in the Complaint and denies that it caused any contamination, concealed contaminants, or failed "to notify the Plaintiffs, the Class Members, and the public of the Contamination and its attendant risks" as alleged in Paragraph 40 of the Complaint. Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 40 and on that basis denies the allegations.

41.     Northrop Grumman admits that the class action is purportedly "being filed by the Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and others similarly situated" as alleged in Paragraph 41 of the Complaint, but denies that a class action is appropriate and denies that Plaintiffs can meet the requirements necessary for class certification.

42.     Northrop Grumman admits that Plaintiffs purport to seek to certify a "Property Class" as defined in Paragraph 42, but denies that class certification is appropriate and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 40 and on that basis denies the allegations.

43.     Northrop Grumman admits that Plaintiffs purport to define a "Class Area" in Paragraph 43, but denies that a class action is appropriate and denies that Plaintiffs can meet the requirements necessary for class certification.

44.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 44 of the Complaint and on that basis denies the allegations.

45.     Northrop Grumman admits that Plaintiffs purport to exclude from defined classes certain entities and individuals as set forth in Paragraph 45.  Except as expressly admitted, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 45 and on that basis denies the allegations.

Gibson, Dunn &
Crutcher LLP

8

46.     Paragraph 46 states a legal conclusion to which no responsive pleading is required.  To the extent a response is necessary, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.

47.     Paragraph 47 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 47 and on that basis denies the allegations.

48.     Paragraph 48 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification. Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 48 and on that basis denies the allegations.

49.     Paragraph 49 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 49 and on that basis denies the allegations.

50.     Paragraph 50 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  Paragraph 50 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop

1    Grumman denies that its "conduct" "injured each respective Class Member."  Northrop
2    Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action
3    and denies that Plaintiffs can meet the requirements necessary for class certification.
4    Except as otherwise set forth above, Northrop Grumman lacks sufficient information at
5    this time to respond to the remaining allegations in Paragraph 50 and on that basis denies
6    the allegations.

7         51.    Paragraph 51 states a legal conclusion to which no responsive pleading is
8    required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs'
9    claims are appropriate for treatment as a class action and denies that Plaintiffs can meet
10   the requirements necessary for class certification, as alleged in Paragraph 51 of the
11   Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient
12   information at this time to respond to the remaining allegations in Paragraph 51 and on
13   that basis denies the allegations.

14        52.    Paragraph 52 states a legal conclusion to which no responsive pleading is
15   required.  Northrop Grumman denies that it engaged in "wrongful handling, storing,
16   transporting, using, releasing, discharging, emitting, and disposing of" any
17   contaminants.  Northrop Grumman further denies that failed to notify the public about
18   the presence alleged contaminants.  Northrop Grumman denies that Plaintiffs' claims
19   are appropriate for treatment as a class action and denies that Plaintiffs can meet the
20   requirements necessary for class certification.  Except as otherwise set forth above,
21   Northrop Grumman lacks sufficient information at this time to respond to the remaining
22   allegations in Paragraph 52 and on that basis denies the allegations.

23        53.    Paragraph 53 states a legal conclusion to which no responsive pleading is
24   required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs'
25   claims are appropriate for treatment as a class action and denies that Plaintiffs can meet
26   the requirements necessary for class certification.  Except as otherwise set forth above,
27   Northrop Grumman lacks sufficient information at this time to respond to the remaining
28   allegations in Paragraph 53 and on that basis denies the allegations.

Gibson, Dunn &
Crutcher LLP

54.     Paragraph 54 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 54 and on that basis denies the allegations.

55.     Paragraph 55 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 55 and on that basis denies the allegations.

56.     Paragraph 56 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  Nonetheless, Paragraph 56 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 56 and on that basis denies the allegations.

57.     Paragraph 57 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  Nevertheless, Northrop Grumman denies that Plaintiffs' alleged exposure to alleged contaminants was "due to" or "caused by" Northrop Grumman's "means and methods" and "actions in the handling, storing, use, disposal and/or failure to properly remediate" any chemicals.  Except as otherwise set

forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 57 and on that basis denies the allegations.

58.    Northrop Grumman denies that its conduct was "unlawful and wrongful." Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 58 of the Complaint and on that basis denies the allegations.

59.    Paragraph 59 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that a class action is fair, efficient, or superior to other methods of adjudication.  Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 59 and on that basis denies the allegations.

60.    Paragraph 60 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.

61.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 61 of the Complaint and on that basis denies the allegations.

62.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 62 of the Complaint and on that basis denies the allegations.

## **RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION**

### **(Negligence – Continuing Negligence)**

63.    Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 62 as though fully set forth herein.

64.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 64 of the Complaint and on that basis denies the allegations.

65.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 65 of the Complaint and on that basis denies the allegations.

66.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 66 of the Complaint and on that basis denies the allegations.

67.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 67 of the Complaint and on that basis denies the allegations.

68.     Paragraph 68 states a legal conclusion to which no responsive pleading is required.

69.     Northrop Grumman denies the allegations in Paragraph 69 of the Complaint.

70.     Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 70 of the Complaint and on that basis denies the allegations.

71.     Northrop Grumman denies the allegations in Paragraph 71 of the Complaint.

72.     Northrop Grumman denies the allegations in Paragraph 72 of the Complaint.

73.     Northrop Grumman denies the allegations in Paragraph 73 of the Complaint.

74.     Northrop Grumman denies the allegations in Paragraph 74 of the Complaint.

75.     Northrop Grumman denies that it engaged in "continuing wrongful acts and omissions" as alleged in Paragraph 75 of the Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 75 and on that basis denies the allegations.

76.     Paragraph 76 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  Nonetheless, Northrop Grumman denies that it engaged in "continuing wrongful acts and omissions" as alleged in Paragraph 76 of

the Complaint.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 76 and on that basis denies the allegations.

77.    Northrop Grumman denies that it engaged in "continuing wrongful acts and omissions" as alleged in Paragraph 77 of the Complaint.  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 77 of the Complaint and on that basis denies the allegations.

78.    Paragraph 78 includes allegations related to Plaintiffs' medical monitoring claims, which are the subject of Northrop Grumman's concurrently-filed Motion to Strike, and thus do not require an answer.  Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 78 of the Complaint and on that basis denies the allegations.

## RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION
### (Private Continuing Nuisance)

79.    Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 78 as though fully set forth herein.

80.    Northrop Grumman denies that its "past, present and/or continuing acts and/or omissions constitute a nuisance."  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 80 of the Complaint and on that basis denies the allegations.

81.    Northrop Grumman denies that its "past, present and/or continuing activities, acts and/or omissions at the Site" constitute a nuisance.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 81 of the Complaint and on that basis denies the allegations.

82.    Northrop Grumman denies that its "past, present and/or continuing acts and/or omissions" constitute a nuisance.  Except as otherwise set forth above, Northrop

Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 82 of the Complaint and on that basis denies the allegations.

83.    Northrop Grumman denies that its "past, present and/or continuing acts and/or omissions" constitute a nuisance.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 83 of the Complaint and on that basis denies the allegations.

84.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 84 of the Complaint and on that basis denies the allegations.

85.    Paragraph 85 states a legal conclusion to which no responsive pleading is required.  Northrop Grumman otherwise denies the allegations in Paragraph 85 of the Complaint.

86.    Northrop Grumman denies the allegations in Paragraph 86 of the Complaint.

87.    Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 87 of the Complaint and on that basis denies the allegations.

88.    Northrop Grumman denies that it wrongfully acted or failed to act.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 88 of the Complaint and on that basis denies the allegations.

89.    Northrop Grumman denies that it engaged in "misconduct."  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 89 of the Complaint and on that basis denies the allegations.

90.    Paragraph 90 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Northrop Grumman denies that it created a nuisance as alleged in Paragraph 90.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 90 and on that basis denies the allegations.

Gibson, Dunn &
Crutcher LLP

91.    Northrop Grumman denies the allegations in Paragraph 91 of the Complaint.

92.    Northrop Grumman denies the allegations in Paragraph 92 of the Complaint.

93.    Northrop Grumman denies the allegations in Paragraph 93 of the Complaint.

94.    Northrop Grumman denies the allegations in Paragraph 94 of the Complaint.

### RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION

### (Strict Liability – Abnormally Dangerous Activity)

95.    Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 94 as though fully set forth herein.

96.    Paragraph 96 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer.  To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 96.

97.    Paragraph 97 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer.  To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 97.

98.    Paragraph 98 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer.  To the extent a response is required, Northrop Grumman denies that all of the alleged "Contaminants are not commonly used" and "typically used only in heavy industrial manufacturing and military applications."  Northrop Grumman denies that its "use of the chemical Contaminants created a high degree of risk to Plaintiffs and the Class Members."  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 98 and on that basis denies the allegations.

Gibson, Dunn & Crutcher LLP

99. Paragraph 99 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is necessary, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 99 and on that basis denies the allegations.

100. Paragraph 100 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 100.

101. Paragraph 101 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 101.

102. Paragraph 102 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is required, Northrop Grumman denies that it implemented "flawed and inadequate warning, abatement and remediation." Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 102 and on that basis denies the allegations

103. Paragraph 103 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is required, Northrop Grumman denies that it engaged in any wrongful "conduct" as alleged in Paragraph 103. Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 103 and on that basis denies the allegations.

104. Paragraph 104 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer. To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 104.

## **RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION**

### **(Trespass/Continuing Nuisance)**

105.   Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 104 as though fully set forth herein.

106.   Northrop Grumman denies the allegations in Paragraph 106 of the Complaint.

107.   Northrop Grumman lacks sufficient information at this time to respond to the allegations in Paragraph 107 of the Complaint and on that basis denies the allegations.

108.   Northrop Grumman denies the allegations in Paragraph 108 of the Complaint.

109.   Northrop Grumman denies the allegations in Paragraph 109 of the Complaint.

## **RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION**

### **(Unjust Enrichment)**

110.   Northrop Grumman incorporates by reference its responses to Paragraphs 1 through 109 as though fully set forth herein.

111.   Paragraph 111 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer.  To the extent a response is required, Northrop Grumman denies the allegations in Paragraph 111.

112.   Paragraph 112 is the subject of Northrop Grumman's concurrently-filed Motion to Dismiss, and thus does not require an answer.  To the extent a response is required, Northrop Grumman denies it engaged in the "unlawful disposal and storage of hazardous waste" as alleged in Paragraph 112.  Except as otherwise set forth above, Northrop Grumman lacks sufficient information at this time to respond to the remaining allegations in Paragraph 112 and on that basis denies the allegations.

Gibson, Dunn &
Crutcher LLP

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

The allegations on pages 28 and 29 of the Complaint are conclusions of law for which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Northrop Grumman disputes that Plaintiffs have any basis for any actionable claim, or that Plaintiffs are entitled to any relief pursuant to their claims. Northrop Grumman denies that Plaintiffs' claims are appropriate for treatment as a class action and denies that Plaintiffs can meet the requirements necessary for class certification.

## AFFIRMATIVE DEFENSES

## NORTHROP GRUMMAN'S FIRST AFFIRMATIVE DEFENSE

### (Authorized by Law)

113.   Plaintiffs' claims are barred in whole or in part because Northrop Grumman's alleged activities were reasonable and without fault and/or were licensed and permitted by statute, regulation, ordinance, or the law.

## NORTHROP GRUMMAN'S SECOND AFFIRMATIVE DEFENSE

### (Disruption of the Administrative Scheme)

114.   Plaintiffs' claims are barred and preempted to the extent they seek remedies that duplicate and will disrupt, conflict, and/or interfere with complex state and federal administrative schemes and that will require resolution of complex and unsettled questions of state and federal administrative law.

## NORTHROP GRUMMAN'S THIRD AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

115.   Any damage allegedly sustained by Plaintiffs was caused, in whole or in part, by the superseding or intervening acts and omissions of persons or entities for whose conduct Northrop Grumman is not responsible.

Gibson, Dunn &
Crutcher LLP

## NORTHROP GRUMMAN'S FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

116.   Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted against Northrop Grumman.

## NORTHROP GRUMMAN'S FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

117.   No act or omission by Northrop Grumman is the cause in fact or proximate cause of any of the damages or costs alleged in the Complaint.

## NORTHROP GRUMMAN'S SIXTH AFFIRMATIVE DEFENSE

### (No Legal Duty)

118.   Northrop Grumman alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action therein, is barred, in whole or in part, because Northrop Grumman did not owe any legal duty to Plaintiffs or, if Northrop Grumman did owe any such legal duty, Northrop Grumman did not breach that duty.

## NORTHROP GRUMMAN'S SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

119.   Plaintiffs' claims based on allegations of trespass are barred in whole or in part because Northrop Grumman and its officers and/or agents lack the requisite intent, including specific intent and/or willfulness, necessary to establish trespass.  Northrop Grumman asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## NORTHROP GRUMMAN'S EIGHTH AFFIRMATIVE DEFENSE

### (Isolated Acts)

120.   The alleged actions are isolated, occasional, and periodic acts and therefore are not sufficient to constitute a nuisance.

## NORTHROP GRUMMAN'S NINTH AFFIRMATIVE DEFENSE

### (Lack of Capacity and/or Standing)

121.   Plaintiffs, or some of them, lack capacity or standing to assert the claims in the Complaint.

## NORTHROP GRUMMAN'S TENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

122.   Plaintiffs' claims are barred in whole or in part because Plaintiffs were contributorily negligent in causing the harm for which they seek to recover.

## NORTHROP GRUMMAN'S ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

123.   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 335.1, 338, 340.8, and 343, and any other applicable limitations period under the California Code of Civil Procedure, state common law, federal statute, or federal common law.

## NORTHROP GRUMMAN'S TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

124.   Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## NORTHROP GRUMMAN'S THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

125.   Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## NORTHROP GRUMMAN'S FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

126.   Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

Gibson, Dunn &
Crutcher LLP

## NORTHROP GRUMMAN'S FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

127.   Plaintiffs' claims are barred in whole or in part by the doctrine of express or implied release or waiver.

## NORTHROP GRUMMAN'S SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

128.   Plaintiffs' claims are barred in whole or in part by the doctrine of unjust enrichment.

## NORTHROP GRUMMAN'S SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

129.   Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any damages which are alleged to have been caused by Northrop Grumman.  Plaintiffs are therefore barred, in whole or in part, from recovering damages from Northrop Grumman and Northrop Grumman's liability to Plaintiffs, if any, should be apportioned, denied, or reduced accordingly.

## NORTHROP GRUMMAN'S EIGHTEENTH AFFIRMATIVE DEFENSE

### (Express or Implied Consent)

130.   Plaintiffs have consented, or are deemed to have consented, to the alleged acts and/or omissions of Northrop Grumman that allegedly gave rise to Plaintiffs' alleged injuries, if any.

## NORTHROP GRUMMAN'S NINETEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

131.   Plaintiffs' claims are barred by their assumption of risk.

## NORTHROP GRUMMAN'S TWENTIETH AFFIRMATIVE DEFENSE

### (Acquiescence)

132.   Plaintiffs' claims are barred by their acquiescence in the behavior complained of for an extended period of time without attempting remedial action.

## NORTHROP GRUMMAN'S TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Open and Obvious or Unavoidable Danger)

133.  Northrop Grumman alleges, on information and belief, and without admitting any liability, that any danger referenced in the Complaint was open and obvious and/or unavoidable.

## NORTHROP GRUMMAN'S TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Act of God, Act of War, or Act of Third Party)

134.  Without admitting any liability whatsoever, Plaintiffs' claims are barred in whole or in part because the alleged release or releases, if any, and any damages resulting therefrom were caused solely by an act of God, act of war, or an act or omission of a third party, other than an employee or agent of Northrop Grumman, over whom Northrop Grumman had no control and Northrop Grumman exercised due care with respect to any alleged hazardous substance, taking precautions against all foreseeable acts and consequences in light of all relevant facts and circumstances.

## NORTHROP GRUMMAN'S TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Superseding Negligence)

135.  Plaintiffs' claims are barred or limited by the superseding or intervening negligence or other acts or omissions of third parties over whom Northrop Grumman had no control, and if Northrop Grumman acted in any manner negligently or wrongfully, which Northrop Grumman expressly denies, the aforesaid negligence of third parties, or other acts or omissions of third parties, constituted an intervening and superseding cause of all damages alleged in the Complaint or any claim contained therein.

## NORTHROP GRUMMAN'S TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensable Parties)

136.  Northrop Grumman alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred because Plaintiffs have failed to join all necessary and indispensable

parties in the Complaint, including other owners and operators of the Site, without whom the causes of action asserted in the Complaint cannot fully, finally, and completely be resolved.

## NORTHROP GRUMMAN'S TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Unforeseeability/Outside the Scope)

137. Plaintiffs' claims are barred to the extent that any actions by Northrop Grumman's agents or employees that purportedly injured Plaintiffs or their properties were unforeseeable and/or outside the course and scope of that person's or entity's agency or employment.

## NORTHROP GRUMMAN'S TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No *Respondeat Superior* Liability – Independent Contractor)

138. Northrop Grumman alleges, without admitting any liability whatsoever, that if an independent contractor engaged in wrongful or tortious conduct, Northrop Grumman may not be held liable for such conduct pursuant to the doctrine of *respondeat superior*.

## NORTHROP GRUMMAN'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Government Contractor Defense)

139. Plaintiffs' claims against Northrop Grumman fail, in whole or in part, and without admitting liability whatsoever, because they are barred by the government contractor defense. S*ee Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).

## NORTHROP GRUMMAN'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Derivative Sovereign Immunity)

140. Plaintiffs' claims against Northrop Grumman fail, in whole or in part, and without admitting any liability whatsoever, because they are barred by the doctrine of derivative sovereign immunity.

Gibson, Dunn &
Crutcher LLP

24

## NORTHROP GRUMMAN'S TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Ratification)

141.   Northrop Grumman alleges, without admitting any liability whatsoever, that, to the extent the Complaint alleges wrongful or tortious conduct by Northrop Grumman's employees, agents, or any individual(s) allegedly acting on Northrop Grumman's behalf, the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Northrop Grumman did not authorize, ratify, encourage, direct, and/or assist this conduct.

## NORTHROP GRUMMAN'S THIRTIETH AFFIRMATIVE DEFENSE

### (Pre-Existing Injury/Illness)

142.   Northrop Grumman alleges, on information and belief, and without admitting any liability whatsoever, that any harm, loss, injury, or damage alleged by Plaintiffs is attributable to a pre-existing injury or illness suffered by Plaintiffs.

## NORTHROP GRUMMAN'S THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Actual Injury or Damage)

143.   Plaintiffs' claims are barred to the extent they have not suffered any actual injury or damage.  Northrop Grumman asserts this defense in the alternative, and only to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## NORTHROP GRUMMAN'S THIRTY-SECOND AFFIRMATIVE DEFENSE

### (De Minimis Harm)

144.   Plaintiffs' claims are barred because Northrop Grumman's contribution to the alleged contamination, if any, was de minimis.

## NORTHROP GRUMMAN'S THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Ex Post Facto Clauses)

145.   Northrop Grumman is not liable to Plaintiffs because Plaintiffs' claims are barred under the Due Process and Ex Post Facto Clauses of the United States Constitution and the California Constitution to the extent Plaintiffs seek to impose

1   penalties or forfeitures on Northrop Grumman retroactively for conduct that was not

2   actionable when it occurred.

### NORTHROP GRUMMAN'S THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

146.   Northrop Grumman alleges, without admitting any liability whatsoever, that some or all of the damages sought in the Complaint cannot be awarded to Plaintiffs because Plaintiffs are limited to those damages, if any, that are attributable to the property interests that Plaintiffs actually own.  Plaintiffs cannot recover damages with respect to property interests owned by others.

### NORTHROP GRUMMAN'S THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

147.   To the extent that Plaintiffs' alleged damages are impermissibly remote and speculative, Plaintiffs are barred from the recovery of any such damages against Northrop Grumman in this action.  Northrop Grumman asserts this defense in the alternative, and only to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

### NORTHROP GRUMMAN'S THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Purely Economic Damages)

148.   Northrop Grumman alleges, on information and belief, and without admitting any liability, that Plaintiffs' claims are barred to the extent they seek to recover purely economic damages.

### NORTHROP GRUMMAN'S THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Non-Economic Injuries Attributable to Third Parties)

149.   Northrop Grumman's liability, if any, for non-economic damages is several only and shall not be joint with any other existing or potential defendant, cross-complainant, cross-defendant, or any other person or entity.  Such other persons or entities including, without limitation, owners and operators of the alleged Site other than Northrop Grumman, who are separately responsible, in whole or in part, for wrongful or

tortious conduct as alleged in the Complaint, if any.  Pursuant to California Civil Code sections 1431.1 and 1431.2, Northrop Grumman can only be liable for the amount of non-economic damages, if any, allocated to it in direct proportion to its percentage of fault, if any, as determined at trial, and a separate judgment shall be rendered against Northrop Grumman for that amount.

## NORTHROP GRUMMAN'S THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Divisibility)

150.   Northrop Grumman is not liable, jointly and severally or otherwise, to Plaintiffs because Northrop Grumman's alleged contribution to the alleged contamination, if any, is divisible from that of Plaintiffs, the other parties in this action, and/or third parties not named in this action.  Northrop Grumman's liability and contribution, if any, is divisible, and any and all "orphan shares" are the responsibility of Plaintiffs.

## NORTHROP GRUMMAN'S THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Right of Offset)

151.   Plaintiffs' claims are barred in whole or in part by Defendants' rights of offset against Plaintiffs.  Northrop Grumman is entitled to offset against liability for (1) any amounts actually paid by any person or entity other than Northrop Grumman, for any of the costs and/or damages alleged in the Complaint; (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint, and (3) Plaintiffs' share of liability.

## NORTHROP GRUMMAN'S FORTIETH AFFIRMATIVE DEFENSE
### (No Basis for Punitive Damages)

152.   The Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

Gibson, Dunn &
Crutcher LLP

1

## **NORTHROP GRUMMAN'S FORTY-FIRST AFFIRMATIVE DEFENSE**

2

### **(Unconstitutionality of Punitive Damages)**

3        153.   An award of punitive damages to Plaintiffs in this case will be violative of

4   the constitutional safeguards provided to Northrop Grumman under the Constitution of

5   the United States of America and under the Constitution of the State of California and

6   the public policies of the State of California.

7

## **NORTHROP GRUMMAN'S FORTY-SECOND AFFIRMATIVE DEFENSE**

8

### **(Punitive Damages – Lack Of Notice)**

9        154.   Northrop Grumman alleges, without admitting any liability whatsoever,

10  that Plaintiffs' claims for punitive damages cannot be sustained because the applicable

11  standards for determining liability for, and the amount of, punitive damages fail to give

12  Northrop Grumman fair notice of the conduct for which punitive damages may be

13  imposed and the severity of the penalty that may be imposed, and are void for vagueness

14  in violation of Northrop Grumman's due process rights guaranteed by the United States

15  Constitution.  It would also violate Northrop Grumman's right to due process under the

16  Constitution of the State of California and the public policies of the State of California.

17

## **NORTHROP GRUMMAN'S FORTY-THIRD AFFIRMATIVE DEFENSE**

18

### **(Punitive Damages – No Legitimate Deterrent)**

19        155.   Northrop Grumman alleges, without admitting any liability whatsoever,

20  that Plaintiffs' claims for punitive damages are inappropriate because they would serve

21  no legitimate deterrent or retributive purpose.

22

## **NORTHROP GRUMMAN'S FORTY-FOURTH AFFIRMATIVE DEFENSE**

23

### **(Reliance Upon Co-Defendants' Defenses)**

24        156.   Northrop Grumman intends to rely upon and hereby asserts any defense

25  asserted by any presently unnamed co-defendant.

26

27

28

Gibson, Dunn &
Crutcher LLP

## NORTHROP GRUMMAN'S FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

157.   Northrop Grumman has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Northrop Grumman reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through discovery, or through further legal analysis of Plaintiffs' positions in this litigation.

## NORTHROP GRUMMAN'S FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights – Putative Class)

158.   Northrop Grumman denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against the putative class.  It is not necessary at this time for Northrop Grumman to delineate defenses against the putative class because no class has been certified, and the putative class members are not parties to this litigation.

## NORTHROP GRUMMAN'S FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient for Class Action)

159.   Plaintiffs' Complaint, and each of the alleged claims in it, are barred because the Complaint fails to state facts sufficient to constitute a class action. Accordingly, this case is not suitable for class action treatment.

## NORTHROP GRUMMAN'S FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Representative Not Typical or Adequate)

160.   The claims of Plaintiffs are not "typical" of the putative class, and Plaintiffs are not "adequate" class representatives.

## NORTHROP GRUMMAN'S FORTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process – Class Action Notification)

161.   Any attempt to require Northrop Grumman to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Gibson, Dunn &
Crutcher LLP

## NORTHROP GRUMMAN'S FIFTIETH AFFIRMATIVE DEFENSE

### (Right to Present a Defense)

162.   As a matter of constitutional right and substantive due process, Northrop Grumman would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

## NORTHROP GRUMMAN'S FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Pure Shareholder Defense)

163.   Northrop Grumman Corporation is not a proper party to this action. Northrop Grumman Corporation is a pure shareholder for Northrop Grumman Systems Corporation and was never either an owner or operator of the Site at issue in this litigation, nor did it assume the liability of any entity that was an owner or operator of the Site.  Northrop Grumman Systems Corporation is the successor in interest to Litton Industries, Inc., which was an owner but not an operator of the Site at issue in this litigation.


Dated:  August 19, 2021                  GIBSON, DUNN & CRUTCHER LLP


                                         By: /s/ *Patrick W. Dennis*
                                                Patrick W. Dennis


                                         Attorneys for Defendants NORTHROP
                                         GRUMMAN CORPORATION and
                                         NORTHROP GRUMMAN SYSTEMS
                                         CORPORATION

## CERTIFICATE OF SERVICE

I, Patrick W. Dennis, an attorney, hereby certify that the **DEFENDANTs NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** was served to counsel for the Plaintiffs through the Court's ECF/CM system on August 19, 2021.

By:  */s/ Patrick W. Dennis*
 Patrick W. Dennis

Attorneys for Defendants NORTHROP GRUMMAN CORPORATION and NORTHROP GRUMMAN SYSTEMS CORPORATION

Gibson, Dunn & Crutcher LLP

31