1  PATRICK W. DENNIS, SBN 106796
   pdennis@gibsondunn.com
2  CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
3  PERLETTE MICHELE JURA, SBN 242332
   pjura@gibsondunn.com
4  ABBEY HUDSON, SBN 266885
   ahudson@gibsondunn.com
5  ALEXANDER SWANSON, SBN 280947
   aswanson@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
7  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
8  Facsimile:   213.229.7520

9  JOHN CERMAK, SBN 146799
   jcermak@cermaklegal.com
10 HANNAH BLOINK, SBN 307442
   hbloink@cermaklegal.com
11 CERMAK & INGLIN, LLP
   12121 Wilshire Blvd, Ste. 322
12 Los Angeles, CA 90025-1166
   Telephone:  424.465.1531
13 Facsimile:   424.371.5032

14 Attorneys for Defendants NORTHROP
   GRUMMAN CORPORATION and
15 NORTHROP GRUMMAN SYSTEMS
   CORPORATION
16
   [*Additional Counsel on Signature Page*]
17

18        UNITED STATES DISTRICT COURT

19        CENTRAL DISTRICT OF CALIFORNIA

20 JED and ALISA BEHAR,      |   CASE NO. 2:21-cv-03946-FMO-SK

21         Plaintiffs,     |   **STIPULATED ORDER RE:**
                             **PROTOCOL FOR THE**
22     v.                  |   **PRODUCTION OF**
                             **ELECTRONICALLY STORED**
23 NORTHROP GRUMMAN    |   **INFORMATION AND DOCUMENTS**
   CORPORATION and NORTHROP  |
24 GRUMMAN SYSTEMS      |
   CORPORATION,         |   Complaint Served: June 30, 2021
25
26         Defendants.   |
                          |   [Discovery Document:  Referred to
27                    |   Magistrate Judge Steve Kim]
28

The parties in the above-captioned litigation (the "Action"), by and through their undersigned counsel, propose this ESI Protocol for the Production of Electronically Stored Information and Documents ("Protocol"). Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure permitting the parties to specify the form or forms in which documents are to be produced, this Protocol sets forth the specifications that shall govern document productions during discovery in the Action.

**I.    SCOPE**

A.    This Protocol will govern discovery of electronically stored information ("ESI") in this Action as a supplement to the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), this Court's Local Rules, this Court's Standing Orders, and any other applicable orders and rules. Unless otherwise indicated expressly or by context, the terms "document" and "documents" refer to ESI.

B.    Nothing in this Protocol is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

C.    Nothing in this Protocol establishes any agreement regarding the subject matter or scope of discovery in this Action, or the relevance, authenticity, or admissibility of any documents.

D.    Nothing in this Protocol shall be interpreted to require production or disclosure of irrelevant information or relevant information that is not proportional to the needs of the case or is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of documents.

## II.     COOPERATION AND PROPORTIONALITY

A.     This Protocol is subject to amendment or supplementation based upon the results of future meet and confers and by later agreement by the parties, if necessary, in light of further developments.

B.     The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

C.     The parties are engaged in ongoing discussions regarding their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

D.     The procedures set forth in this Protocol do not relieve any party of the obligation to employ or prevent any party from employing additional reasonable measures consistent with principles of proportionality to preserve, search for, retrieve, and produce ESI, documents, or tangible things in response to discovery requests made by the other party.   In that regard, the parties may employ one or more search methodologies, including possibly, but without limitation, the use of advanced search and retrieval technologies, to identify potentially relevant and responsive ESI, including email; the producing party shall retain the right and responsibility to manage and control searches of its data files, including the right to use additional search terms or advanced-technology procedures; and the other party retains its right to object to any such techniques or procedures that the producing party employs, to request that the producing party employ other techniques or procedures, or to seek an order to that effect.

## III.     ESI PERSON(S) MOST KNOWLEDGEABLE

Each party shall designate one or more ESI Person(s) Most Knowledgeable ("ESI PMK(s)") who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each ESI PMK will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The

parties will rely on the ESI PMK, as needed, to confer about ESI and to help resolve disputes without court intervention.

**IV.  SEARCH**

A.  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

B.  Absent good cause shown, the parties are not required to preserve, search, collect, review, or produce the following categories of ESI except when those files are relevant and attached to another file:

1. Any electronic file which matches the Reference Data Set published by the National Institute of Standards and Technology's National Software Reference Library.

2. System or executable files (.exe, .dll, etc.).

3. Structural files not material to individual file contents that do not contain substantive content (.css, .xsl, .xml, .dtd, etc.).

4. Backup data files that are maintained in the normal course of business for purposes of disaster recovery, including backup tapes, disks, SAN, and other forms of media, and that are substantially duplicative of data that are more accessible elsewhere.  Absent a party's specific written notice for good cause, no party shall be required to modify or suspend procedures, including rotation of backup media, used in the usual course of business to back up data and systems for data recovery purposes.  To the extent a party seeks production of materials from sources that are not reasonably accessible, and production from such sources is

agreed to by the producing party or ordered by the Court, the costs associated with the production of such materials shall be borne by the requesting party.

5. Deleted, slack, fragmented, or unallocated data.

6. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

7. On-line access data such as temporary internet files, history files, cache files, and cookies.

8. Data in metadata files frequently updated automatically, such as last-opened or last printed dates.

9. Server, system, network, or software application logs.

## V. PRODUCTION FORMATS

The parties agree to produce ESI in the formats as described in **Appendix 1** attached to this Protocol. If particular documents warrant a different format or different metadata fields, or if a source of ESI is not contemplated by the formats described in Appendix 1, the parties will meet and confer concerning mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process and to make good faith efforts to preserve physical and logical document unitization.

## VI. DELIVERY OF DOCUMENT PRODUCTIONS

A. Document productions shall be made via DVD-ROMs, CD-ROMs, portable hard drives, or through secure file transfer protocol or similar secure or encrypted electronic transmission. Each production should be accompanied by a transmittal identifying a unique volume number and the Bates range contained therein.

B. If either party chooses to employ a vendor to produce or receive documents, that party shall bear the costs of such vendor and shall take reasonable steps to ensure

5

that only persons authorized under the Joint Stipulation and Protective Order ("Stipulated Protective Order") entered in this Action have access to the depository.

## VII.   ROLLING PRODUCTIONS

The parties understand that this Protocol contemplates rolling productions of documents in response to discovery requests pursuant to Fed. R. Civ. P. 34 and any other obligations whereby a party is obligated to produce documents in this Action.

## VIII.   DOCUMENTS PROTECTED FROM DISCOVERY

A.    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Nothing contained herein, however, is intended to limit a party's right to conduct a review of ESI for relevance, responsiveness, and/or privilege or other protection from discovery.

B.    The categories of documents protected from discovery are addressed in the Protective Order, and the parties shall meet and confer if there are other areas that they believe are not relevant or proportionate to the needs of the case.

C.    Consistent with the provisions set forth in any Protective Order, The parties may use redactions to protect attorney-client privilege, attorney work product, information that any order entered in this Action allows to be redacted, information prohibited from disclosure by federal, state, or foreign statues or regulations, medical information concerning any individual, personal identity information (such as a person's credit card numbers, telephone numbers, addresses, personal email addresses, social security numbers, racial or ethnic origin, political opinions, religious beliefs, and criminal records), and non-responsive or irrelevant information.  Redacted documents will be produced, consistent with the provisions contained in Appendix 1 hereto, in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.  The producing party shall substitute for redacted text in the TIFF image a label identifying

the reason for the redaction, including the privilege against disclosure upon which the party claims it is entitled to redact the text, including, for example, "REDACTED-ATTORNEY/CLIENT PRIVILEGE," "REDACTED-WORK PRODUCT," or similar designation.

D.     The parties agree to furnish privilege logs that comply with Fed. R. Civ. P. 26(b)(5) and any other legal requirements for all documents withheld or redacted on the basis of privilege, attorney work product or other privilege or protection recognized by this Court.  The designating party shall produce a privilege log within 30-days following the production of documents from which the privileged documents are withheld, and shall update the privilege log following each additional production during the designating party's rolling production of documents.  When there is a chain of privileged emails, the producing party need only include one entry on the privilege log for the entire email chain reflecting the Bates number range of the chain, and need not log each email contained in the chain separately.  The privilege log entry for the email chain need only provide the Last In Time Email (as defined in Appendix 1).  Documents may be identified on a privilege log by category, rather than individually, if appropriate, so long as sufficient information is provided by the designating party to allow the non-designating party to assess the applicability of the claimed privilege or protection claim to the individual documents withheld from production.

E.     Privilege logs shall provide the privilege claimed, a brief description of the subject matter of the document, and designated objective metadata fields to the extent they contain information and the information is not privileged or protected.  Designated objective metadata fields are (if available): Author, From, To, CC, BCC, Date, Subject, FileName, and FileExtension.  Legal personnel shall be identified as such by adding an asterisk (*) after their names in the privilege log.

F.     No party is required to include in its privilege logs:

1.     Communications involving litigation counsel or in-house counsel that post-date the filing of the complaint in this

1                  Action and are made in confidence or otherwise qualify as

2                  attorney-client communications.

3           2.    Redactions from produced documents, provided the reason

4               for the redaction appears on the redaction label.

5      G.     Nothing in this Protocol shall be interpreted to require disclosure of

6 irrelevant information or relevant information protected by the attorney-client privilege,

7 work-product doctrine, or any other applicable privilege or immunity.  The parties do

8 not waive any objections to the production, discoverability, admissibility, or

9 confidentiality of documents.

10      H.     Nothing in this Protocol will preclude or impair any and all protections

11 provided the parties by any Protective Order(s) agreed and entered into by the parties.

12 As to those documents designated "CONFIDENTIAL" by the Stipulated Protective

13 Order, such documents: (i) must be protected in transit, in use, and at rest by all who

14 receive the documents; and (ii) any copies made of such documents must be secured on

15 information systems and networks in a manner consistent with the best practices for data

16 protection.  The parties will use best efforts to avoid the unnecessary copying or

17 transmittal of documents produced and designated "CONFIDENTIAL".

18 **IX.**    **HARD COPY DOCUMENTS**

19      The Parties acknowledge and agree that this Protocol governs the production of

20 ESI. In the event that the Parties determine that there is a large volume of hard copy

21 documents that require review by one or both Parties, which have not already been

22 electronically imaged, the Parties agree to work in good faith to determine a solution to

23 review such hard copy documents.

24 **X.**    **MODIFICATION**

25      This Protocol may be modified by a Stipulated Order of the parties or by the Court

26 for good cause shown.

27

28

1  **IT IS SO STIPULATED**, through Counsel of Record.

2

3  Dated:  November 23, 2021          ENVIRONMENTAL ENERGY & NATURAL
                                      RESOURCE ADVOCATES, PLLC
4

5

6                                     By:  _____*/s/ David P. Page*_____
                                               David P. Page

7                                     Attorneys for Plaintiffs Jed and Alisa Behar

8
   Dated:  November 23, 2021          GIBSON, DUNN & CRUTCHER LLP
9

10

11                                    By:  _____*/s/ Patrick W. Dennis*_____
                                               Patrick W. Dennis

12
                                      Attorneys for Defendants Northrop Grumman
13                                    Corporation and Northrop Grumman Systems
                                      Corporation
14

15
   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
16

17

18  DATED:  __November 24, 2021__     _____

19                                         Hon. Steve Kim
                                           United States Magistrate Judge
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Patrick W. Dennis, am the ECF user whose identification and password are being used to file this document.  In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


DATED:  November 24, 2021          By:      */s/ Patrick W. Dennis*
                                                         Patrick W. Dennis

# APPENDIX 1

## I.   PRODUCTION COMPONENTS

Except as otherwise provided herein, documents shall be produced in accordance with the following specifications:

     a. An ASCII delimited data file (.DAT) using standard delimiters;

     b. An image load file (.OPT) that can be loaded into commercially acceptable production software (e.g., Concordance, Relativity, Logikull or Summation);

     c. Single page Group IV TIFF format (black and white, 300 dpi);

     d. TIFF images assigned a unique Bates number that is sequential within a given document and across the production sets;

     e. A Bates number field included on the load file so that text and metadata can be matched with TIFF images;

     f. Native files (per Section II.B below); and

     g. Document level text files (.TXT) for all documents containing extracted full text or OCR text.

If a particular document warrants a different production format, the parties will cooperate in good faith to arrange for a mutually acceptable production format.

## II.   PRODUCTION SPECIFICATIONS

Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document.  There is no requirement that a producing party objectively code ESI to provide metadata fields not otherwise available, other than the fields listed in rows 1 through 9 below, which must be populated for all ESI documents. The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents correspond directly to the information that exists in the original documents.  All metadata will be in the Pacific Time Zone.

| | Field Name | Field Description |
|---|---|---|
| 1. | ProdVol | Sequential number of production. |
| 2. | ProdDate | Date of production |
| 3. | BegBates | First Bates number (production number) of an item. |
| 4. | EndBates | Last Bates number (production number) of an item. |
| 5. | BegAttach | First Bates number of first page of parent document in attachment range. |
| 6. | EndAttach | Last Bates number of attachment range (i.e., Bates number of the last page of the last attachment). |
| 7. | Page Count | Number of pages in the item. |
| 8. | Custodian | Name of person or non-custodial source from whose files the item is produced. |
| 9. | AllCustodians | Custodian, plus any additional Custodian(s) who had a duplicate copy removed during global deduplication (if applicable). |
| 10. | Confidentiality | Indicates if item has been designated as "CONFIDENTIAL" under the Stipulated Protective Order. |
| 11. | Redacted | User-generated field that will indicate a "Yes" value if the document is redacted and a "No" or Blank value if the document is not redacted. |
| 12. | Redaction Reason | The reason(s) a document was redacted. |
| 13. | FileExtension | File extension of source native file. |
| 14. | FilePath | Path to where the file originally resided on the source system. |
| 15. | FileSize | Size of the source native file of ESI item. |
| 16. | HashValue | SHA or MD5 hash value for the original native file. |

| 17. | Author | Value populated in the Author field of the document properties (Edoc or attachment only). |
| 18. | DocDate | Date the document was created (Edoc or attachment only). |
| 19. | DocTime | Time the document was created (Edoc or attachment only). |
| 20. | DateModified | Date when the document was last modified according to filesystem information (Edoc or attachment only). |
| 21. | From | Name and SMTP email address of the sender of the email (Email only). |
| 22. | To | Names and SMTP email addresses of recipients on the "to" line of the email (Email only). |
| 23. | CC | Names and SMTP email addresses of recipients on the "CC" line of the email (Email only). |
| 24. | BCC | Names and SMTP email addresses of recipients on the "BCC" line of the email (Email only). |
| 25. | Subject | Subject of the email (Email only). |
| 26. | FileName | The file name of the source native file for an ESI item. |
| 27. | TimeReceived | Time email was received (Email only). |
| 28. | DateReceived | Date email was received (Email only). |

### A.   NATIVE FILES

For ESI documents that do not convert well to TIFF or cannot be converted to TIFF (e.g., spreadsheets (MS Excel), multimedia presentation files (PowerPoint), Word files with non-privileged hidden content, oversized drawings, audio, and video files), the producing party will either produce the document in native format or will ask the

receiving party to meet and confer regarding a reasonable alternative form of production. The file name for documents produced in native form will consist of a Bates number and, if applicable, a confidentiality designation.  A single corresponding placeholder TIFF image will also be provided for each native file included in a production.

### B.    FAMILIES

Parent-child relationships (the association between an attachment and its parent document) shall be preserved to the extent possible.  Attachments are to be produced contemporaneously and sequentially, with successive Bates numbers, immediately after the parent document.  Non-relevant or non-responsive attachments, including for example, logos routinely included in email files, may be excluded from production. Irrelevant and non-responsive attachments, other than logos routinely included in email files, that are excluded from production shall be identified by a Bates-numbered placeholder bearing the legend "IRRELEVANT AND NON-RESPONSIVE ATTACHMENT," or similar designation, and do not need to be included on any list or log of privileged or otherwise withheld documents.  If relevant and non-privileged attachments are attached to otherwise privileged communications, the relevant and non-privileged attachment shall be produced and a slip page shall be used as a placeholder for the privileged communication to which the produced non-privileged document was attached.

### C.    DE-DUPLICATION

To reduce the unnecessary costs of reviewing and producing duplicate documents, the parties may remove duplicate documents prior to production.  Documents may be deduplicated vertically within each custodian and horizontally across custodians (e.g., globally).

### D.    EMAIL THREADING

Where multiple email messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last in Time Email") and need not produce earlier, less inclusive email messages or "thread members" that are fully

14

contained, including attachments and including identical senders and recipients, within the Last In Time Email.  Only email messages for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive email messages that need not be produced.

E.   **CONFIDENTIALITY DESIGNATION**

If a particular document has a confidentiality designation, the designation shall be stamped on the face of all TIFF images in accordance with the Stipulated Protective Order entered in this Action.  Each such document with a confidentiality designation that is produced in native format will have its confidentiality designation identified in the filename of the native file and indicated on its corresponding TIFF placeholder.