Michael Akselrud (SBN 285033)
Michael.Akselrud@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, California 91367
Telephone: (310) 277-5100
Facsimile:  (310) 277-5103

W. Mark Lanier (*pro hac vice*)
WML@lanierlawfirm.com
Chris L. Gadoury (*pro hac vice*)
Chris.Gadoury@lanierlawfirm.com
Alex J. Brown (*pro hac vice*)
Alex.Brown@lanierlawfirm.com
Ryan D. Ellis (*pro hac vice*)
Ryan.Ellis@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
10940 W. Sam Houston Pkwy N
Houston, Texas  77064
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204

Christopher T. Nidel (*pro hac vice*)
chris@nidellaw.com
Jonathan Nace, Esq. (*pro hac vice*)
jon@nidellaw.com
Nidel & Nace, P.L.L.C.
One Church Street
Suite 802
Rockville, MD 20850
Telephone: (202) 780-5153

David P. Page (*pro hac vice*)
dpage@eenradvocates.com
Environmental Energy & Natural
Resources Advocates, PLLC
1921 S Boston Ave.
Tulsa, Oklahoma  74119
Telephone: (918) 764-8984

Gideon Kracov (he/him/his) (Cal.
SBA # 179815)
gk@gideonlaw.net
Jordan R. Sisson (Cal. SBN # 327057)
jordan@gideonlaw.net
Law Office of Gideon Kracov
801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017
Telephone: (213) 629-2071

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JEDIDIAH AND ALISA BEHAR, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>                          Defendants | Case No. 21-cv-03946-FMO-SK<br><br><u>CLASS ACTION</u><br><br>**SECOND AMENDED**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

PARTIES .................................................................................................................... 3

    Plaintiff(s) ........................................................................................................ 3

    Defendants ...................................................................................................... 3

JURISDICTION AND VENUE ................................................................................. 4

GENERAL FACTUAL ALLEGATIONS ................................................................. 4

    Plaintiffs and Residents Left Completely in the Dark.................................... 7

EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS ....... 8

CLASS ALLEGATIONS ......................................................................................... 10

    Numerosity .................................................................................................... 12

    Commonality ................................................................................................. 12

    Typicality....................................................................................................... 14

    Adequacy ....................................................................................................... 14

CAUSES OF ACTION ............................................................................................ 16

    FIRST CLAIM – NEGLIGENCE – CONTINUING NEGLIGENCE ......... 16

    SECOND CLAIM – PRIVATE NUISANCE ............................................... 19

    THIRD CLAIM – TRESPASS/ CONTINUING TRESPASS ...................... 22

JURY TRIAL DEMAND AND PRAYER FOR RELIEF ....................................... 23

**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs, by and through their undersigned attorneys, The Lanier Law Firm, Environmental Energy & Natural Resources Advocates, PLLC, The Law Office of Gideon Kracov, and Nidel & Nace, PLLC bring this civil action under Fed. R. Civ. P. 23 on their own behalf and on behalf of the classes they represent to obtain damages, both compensatory and punitive, injunctive relief, and costs of suit from the Defendants. Plaintiffs complain and allege as follows:

**INTRODUCTION**

1.    This is a civil action to redress circumstances created by Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation for damages suffered by members of the putative classes defined below (the "Class Members"). The Defendants' actions have resulted in the contamination of the Class Members' properties and Class Members exposure to toxic chemicals due to ongoing releases and leachate from Defendants' commercial manufacturing facility. That facility is located at 8020 Deering Avenue, Canoga Park, California, 91304 (the "Site"). The Site has been owned and operated by the Defendants since 1967[1]. During its ownership and operation of the Site the Defendants: (1) mishandled and  released hazardous and toxic substances at the Site, (2) disposed of hazardous wastes at the Site, and (3) mishandled the management and the cleanup of the wastes and substances released from the Site. In combination, the Contamination and its attendant risks have now migrated in, under, on, around and through Plaintiffs' and Class Members' properties. The Site has experienced continuing releases of toxic, hazardous, substances, and hazardous wastes for

---

[1] The original owner/operator of the Site was Litton Industries, Inc. ("Litton"). Beginning in 2001 the Defendants, through a series of stock purchases, mergers, and reorganizations, became owner of the operation and responsible for the Contamination alleged herein.

decades. The fact of the contamination was known to the Defendants, and yet this information has been withheld and concealed from Plaintiffs and the Class Members.

2.      Because of the Defendants' ownership and operations at the Site, Plaintiffs and Class Members have been exposed to toxic and hazardous substances and wastes from circuit board production, copper plating, silk screening, photo printing and chemical stripping. These Site operations resulted in Contaminants being released onto and into the soil, the ground water, and the air at the Site. These releases have migrated to Plaintiffs' and Class Members' properties. The Contaminants released at the Site were associated with the storage, transfer and use of solvents, acids, and metals including, but not limited to:

Volatile organic compounds (VOCs) (including chlorinated solvents): trichloroethylene (TCE), perchloroethylene (PCE), 1,1,1-trichloethane (1,1,1 TCA), cis-1,2-dichcloroethene (c-1,1-DCE), 1,2-dichloroethene (1,2, -DCE), vinyl chloride, chloroform methylene chloride and 1,4 dioxane (herein referred to as "Contaminants", or "Contamination".)

3.      Despite their knowledge of: (a) the releasing, leaking and migrating Contaminants at the Site; (b) the off-Site nuisance and trespass caused by the Contaminants; (c) the fate and transport characteristics of the Contaminants; and (d) the associated health risks with these toxic, hazardous, and carcinogenic Contaminants, Defendants concealed the presence of these Contaminants and their releasing, leaking and migrating from the Site. Defendants also concealed the fact that the Contaminants were migrating onto, into, at and around the Plaintiffs' and the Class Members' properties.

4.      The presence of these toxic and hazardous Contaminants on, at, in, and around Plaintiffs' and Class Members' properties presents a significant health risk and harm to those living in, at, on, and around these contaminated properties

as well as a significant environmental liability and damage to those owning these properties.

## PARTIES

### Plaintiff(s)

5.    Plaintiffs are residents of the Canoga Park neighborhood in the Los Angeles County, California, metropolitan area.  Plaintiffs own and/or live in property located within the Class Area.  Plaintiffs are putative class representatives for the Property Damage Class which is defined as those persons who own residential property contaminated or otherwise affected by the Contaminate chemicals released and discharged at the Defendants' Site.

6.    As a result of Defendants' actions, specifically their inadequate containment, handling, and remedial activities, the toxic and hazardous Contaminants have entered Plaintiffs' and Class Members' properties and have contaminated their property -  their air, land, groundwater, dwelling place (homes) and their surrounding environment - thereby causing Plaintiffs and the Property Damage Class Members to suffer damage to property and personal finance, loss of the use and enjoyment of property and destruction of their community.

7.    As a result of the actions of the Defendants, toxic and carcinogenic Contaminants have entered onto Plaintiffs' and the Property Damage Class Members' properties depriving Plaintiffs and the Property Damage Class Members of their free use and enjoyment of their properties.

### Defendants

8.    Northrop Grumman Corporation is a foreign corporation incorporated in the State of Delaware with principal executive offices located at 2980 Fairview Park Drive, Falls Church, Virginia 22042 ("NGC"). NGC is, *inter alia*, an aerospace, technology and defense industry corporation. Northrop Grumman Systems Corporation is a Delaware corporation which is a 100% (wholly owned) subsidiary of Northrop Grumman Corporation. Plaintiffs and

Class Members rely upon the doctrines of actual and apparent agency and *respondeat superior* as applicable based on the liability of corporations for their management employees and agents' actions.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the action is between multiple members of the class who are residents and/or citizens of the State of California on the one hand, and the Defendants who are citizens of the State of Delaware and the Commonwealth of Virginia on the other hand. The number of members of all proposed plaintiff class in the aggregate is more than one hundred (100).  The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     This Court has personal jurisdiction over Defendants because Plaintiffs' claims arise out of Defendants' contacts, acts, and omissions within the State of California such that the exercise of such jurisdiction is consistent with due process under the United States Constitution.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because (1) a substantial part of the events, acts, and omissions that give rise to the claims at issue in this case occurred in this District, in Los Angeles County, California, (2) Defendants conduct substantial business in this District, and (3) Defendants have caused harm to Plaintiffs and Class Members in this District.

## GENERAL FACTUAL ALLEGATIONS

12.     Plaintiffs and the Class Members have suffered damages as a result of the presence of the Contaminants at their property and/or residence due to the ongoing and continuing release, leaching, and migration of the Contamination from the Site into, under, onto, at and around their properties and residences.

13.     The Contaminants have been released and migrate (and continue to be released and migrate) into, under, onto, at and around the Plaintiffs' and the Class Members' properties and residences. Plaintiffs' and the Class Members' properties and residences have been and continue to be contaminated with these Contaminants - including toxic and carcinogenic chlorinated solvents, methylene chloride and 1,4-dioxane.

14.     The Site was in operation from roughly 1967 – 2002 as a circuit board manufacturer. During this time period, the Contaminants were released and disposed of at the Site in substantial quantities. Defendants' release and disposal of Contaminants created an imminent and substantial threat to public health, to the Plaintiffs' and the Class Members' health and wellbeing, and created dangerous conditions at Plaintiffs' and Class Members properties and residences.

15.     Defendants have known, or should have known, that the operations at the Site were releasing, leaking, and disposing of these hazardous and carcinogenic Contaminants into, under, at and onto properties and into the groundwater and air in, at or near the Class Area as identified below.

16.     Furthermore, Defendants did nothing to notify the general public in the Class Area, including those living or purchasing homes in the Class Area, that their properties and residences were contaminated or were threatened by Contamination and that there was a serious risk of exposure to the Contaminants through groundwater and indoor and outdoor vapors which created associated health threats.

17.     For over 50 years, while owning and/or operating the Site, Defendants failed to properly control the Contamination, properly remediate the Contamination, and appropriately notify the public about the presence, hazards and threats of the Contamination.

18.     Had Defendants properly remediated or contained the Contaminants, Plaintiffs' and the Class Members' properties would not have been contaminated

1    and their health would not have been put at risk and continue to be threatened and

2    damaged.

3        19.    Had Defendants notified the public, the Plaintiffs and the Class

4    Members would not have purchased property and/or resided at property within and

5    around the Class Area and would not have suffered damages as a result.

6        20.    The contaminant trichloroethylene, or TCE, is a known human

7    carcinogen. TCE also degrades into other chlorinated solvents, many of which are

8    also known carcinogens (such as vinyl chloride).

9        21.    In addition, upon information and belief, the Site is also leaching and

10   releasing methylene chloride and 1,4-dioxane. 1,4-dioxane was used as a

11   preservative for chlorinated solvents including TCE, TCA and PCE.  1,4-dioxane

12   is an anticipated human carcinogen and this Contaminant is more water soluble

13   than TCE. Therefore, 1,4-dioxane tends to migrate farther and faster than the

14   chlorinated solvents themselves.

15       22.    Despite these facts, upon information and belief, Defendants have

16   never performed any testing for 1,4-dioxane in and around the Site or the

17   surrounding Class Area.

18       23.    Contaminants leaching into and migrating with the groundwater

19   expose the Plaintiffs and the Class Members to dangerous carcinogens and VOC

20   Contaminants through the well-known, well-understood and generally accepted

21   process of "vapor intrusion" ("VI").

22       24.    VI occurs when chemical vapors from VOCs migrate from

23   contaminated soil and/or groundwater through the soil and through building

24   foundations and floors and into a building's rooms. These chemical vapors degrade

25   indoor air to the point of posing significant risks to the human health of the

26   occupants.

27       25.    Unknown to them, Plaintiffs and the Class Members have been, and

28   are being exposed to these dangerous, toxic and carcinogenic Contaminants while

at their homes - both indoors and outdoors.

26.    As a result of this exposure and continuing threat of exposure, Plaintiffs and Class Members require mitigation to eliminate the VI exposure and to remove any ongoing threat of such exposure at their properties.

### Plaintiffs and Class Members Left Completely in the Dark

27.    No one, including the Defendants or the Defendants' employees and agents, notified Plaintiffs or the Class Members of the source, risk to their health, and actual presence of these Site Contaminants at, in, under, and around Plaintiffs' and the Class Members' properties.

28.    No one, including the Defendants, or their employees and agents, notified Plaintiffs or the Class Members of the significantly elevated cancer risks and risks of other diseases posed by the actual presence of Site Contaminants at, in, under, and around their properties and residences.

29.    Rather than provide such notice and information, for decades, Defendants concealed from the public, the Plaintiffs, and the Class Members the actual presence of Site Contaminants released, intruding into, threatening their health and safety, and affecting their properties and residences located in the Class Area; and the source of the Contaminants.

30.    Plaintiffs and the Class Members reasonably believed that the groundwater, surface water, air, and soil in their Canoga Park neighborhood did not pose any greater health hazard than any other groundwater, air, soil, or natural resources in a typical unpolluted residential community and were not informed otherwise by Defendants.

31.    Plaintiffs' and the Class Members' properties have each been exposed to the Contamination due to Defendants' acts and omissions in owning, operating, containing, and remediating the Site and the Contamination.

32.    Plaintiffs and the Class Members seek redress and damages for economic losses, such as loss of property value and  interference with their use and

enjoyment of their property; the prompt identification, delineation, cleanup, excavation, treatment, remediation and removal of Contaminants from their properties; and punitive damages and other damages as the result of the carelessness, recklessness, negligent, willful and wanton actions in violation of law, and willful disregard of persons who foreseeably might be harmed by such acts or omissions by the Defendants' senior management or ratification thereby.

33.    Defendants, despite their knowledge of the serious health and environmental effects associated with the Contaminants migrating throughout the Class Area and the surrounding environment, failed to warn the public in general, and the Plaintiffs and the Class Members in particular, of the dangers that the historical use activities at the Site and the Contamination threat that the Site posed.

34.    Despite their knowledge of the serious health and environmental effects associated with Site Contamination, Defendants did not adequately design the Site investigation and the Site Contaminant response and corrective action in the Class Area. Nor did Defendants publicize the scope and extent of actual Contamination, its associated risks, and its source. These actions and omissions prevented Plaintiffs and Class Members from making appropriate responses and enabled Defendants to avoid taking all appropriate and reasonable steps to address and respond at these Class Area properties in a timely manner. As a result, Plaintiffs and the Class Members suffered as a result of Defendants' gain resulting in prolonged exposures and harm due to these dangerous chemical Contaminants.

## EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

35.    Plaintiffs and the Class Members incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

36.    The running of any statute of limitations has either not begun to run or has been tolled by reason of Defendants' concealment, and the world-wide outbreak of novel Covid-19 pandemic. Defendants, through their affirmative

misrepresentations and omissions, actively concealed from Plaintiffs and Class Members the pollution present on, at and around their properties and Plaintiffs and Class Members only recently became aware of such contamination on, at and around their properties and residences.

37.    As a result of Defendants' actions, Plaintiffs and the Class Members could not reasonably know or have learned through reasonable diligence that Plaintiffs' and the Class Members' properties were contaminated with significantly elevated levels of Contaminants and that those risks were the direct and proximate result of Defendants' acts and omissions.

38.    Defendants are estopped from relying on any statute of limitations because of their concealment of the character, quality, scope, extent, and nature of the Contamination at, in, under, and on properties forming the Class Area. Defendants were aware of the non-public nature of the circumstances of the Contamination.  This non-public information (over which Defendants had and continues to have control) was not provided to the residential homeowners and purchasers, and persons living at properties within the class area, including the Plaintiffs and the Class Members. On information and belief, to this day Defendants have continued to fail to provide this information and facts to the Plaintiffs and Class Members.

39.    Plaintiffs and the Class Members had no knowledge that Defendants were engaged in the wrongdoing alleged herein. The Contamination cannot be seen either in the ground water beneath their property, or in the vapors from the Contaminants entering their homes. Because of the concealment by Defendants, and the failure to notify the Plaintiffs, the Class Members, and the public of the Contamination and its attendant risks, neither the Plaintiffs nor the Class Members have, nor could they have reasonably discovered, the Contamination at any time prior to the commencement of this case.

1

## **CLASS ALLEGATIONS**

2      40.    This class action is being filed by the Plaintiffs, pursuant to Federal

3 Rule of Civil Procedure 23, on behalf of themselves and others similarly situated.

4 These putative Class Members are similarly situated.

5      41.    Plaintiffs seek to certify the following class, defined as:

6          **Canoga Park Property Damage Class**: Any and all persons that

7          own any residential real property in or adjacent to the Canoga Park

8          contaminated area (collectively, the "Class Area") in Los Angeles,

9          CA.

10 A map of the Canoga Park "Class Area" is shown in the figure below (outlined in

11 red):

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28




CLASS AREA - CANOGA PARK. CA

42.    To the extent revealed by discovery and investigation, there may be additional appropriate classes and/or subclasses derived from the above class definition which are broader and/or narrower in scope.

43.    Excluded from the classes are the Defendants, any entity that has a controlling interest in the Defendants, their legal representatives, officers, directors, assigns, successors, employees, agents and members of their immediate families; the governmental and judicial officers to whom this case is assigned, their staff, (and the members of their immediate families).

1      44.    This Court may maintain these claims as a Class Action pursuant to

2  Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4).

3  <div align="center">**Numerosity**</div>

4      45.    Fed. R. Civ. P. 23(a)(1): The members of each class are so numerous

5  that joinder of all members is impractical. There are over 3800 residential use

6  properties in the Class Area. The number of persons that own the 3800 plus

7  properties located within the Class Area is estimated to exceed 5000 persons. The

8  number of Class Members is such that it exceeds the number that reasonably

9  allows for joinder of all Class Members and, therefore, the number of members of

10  the Property Class satisfies Fed. R. Civ. P. 23 (a)(1).

11  <div align="center">**Commonality**</div>

12      46.    Fed. R. Civ. P. 23(a)(2): There are common questions of law and fact

13  that affect the rights of every member of each respective class, and the types of

14  relief sought are common to every member of each respective class. The same

15  conduct by Defendants has injured or will injure all Class Members.

16      47.    A class action is superior to other available methods of litigation for

17  the fair and efficient adjudication of this controversy, in satisfaction of Fed. R.

18  Civ. P. 23(a)(2). The same conduct by Defendants has injured each respective

19  Class Member. Common questions of law and/or fact that are common to the

20  respective Classes include, but are not limited to:

21          a.    Whether Defendants, through their acts or omissions at

22                   the Site, proximately caused Contaminants to be

23                   released and migrate into, at, on, or around the Class

24                   Area;

25          b.    Whether Defendants failed to exercise reasonable care

26                   in their handling, storing, transporting, using, releasing,

27                   discharging, emitting, disposing and/or failed to

28                   reasonably investigate, and remediate the Contaminants;

c.    Whether Defendants violated applicable standards concerning handling, storing, transporting, use, release, discharge, emission, disposal and/or failure to investigate and remediate the Contaminants;

d.    Whether Defendants' acts of releasing, discharging, spilling, emitting, allowing migrating or depositing Contaminants onto Plaintiffs' properties, and/or their failure to remove or remediate such contamination from Plaintiffs' properties, constitutes a private nuisance;

e.    Whether Defendants' releasing, discharging, emitting or depositing Site Contaminants onto Plaintiffs' properties, and/or their failure to remove such contamination, constitutes a trespass;

f.    Whether Defendants proximately caused Site Contaminants to be released into the environment, and Plaintiffs' and Class Members' properties and persons have been exposed to such Contaminants;

g.    Whether, as a result of the exposure or proximity to Site Contaminants, Plaintiffs' properties and the properties of the members of the Class have suffered a loss in value;

h.    Whether, as a result of the exposure or proximity to Site Contaminants, Plaintiffs' properties and the properties of the members of the Class have suffered a loss in their use and enjoyment of their property;

i.    Whether Defendants' actions created a public nuisance;

j.    Whether the Contamination created by Defendants in the Class Area is reasonably abatable;

k.    Whether the nature of the Defendants' actions and the

resulting Contamination constitutes continuing negligence; and

l.    Whether the failure to warn Plaintiffs and the Class Members constitutes willful deceit and reckless endangerment by the Defendants.

48.    These questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class Members.

### Typicality

49.    Fed. R. Civ. P. 23 (a)(3): The claims of Plaintiffs are typical of the claims of the Class Members as required by Rule 23(a)(3), in that all claims are based upon the same factual and legal theories. It is the same conduct of the Defendants that injured each Class Member. The principal issue in this case involves Defendants' conduct in the wrongful handling, storing, transporting, using, releasing, discharging, emitting, and disposing of the Site Contaminants, and Defendants' failing to quickly warn of and remediate the Site Contaminants. Their operations at 8020 Deering Avenue have impacted all members of the Class.

### Adequacy

50.    Fed. R. Civ. P. 23(a)(4): Plaintiffs will fairly and adequately represent and protect the interests of the Class, as required by Rule 23(a)(4). Plaintiffs have retained counsel with substantial experience in the prosecution of class actions and environmental litigation. Plaintiffs and their counsel are committed to the vigorous prosecution of this action on behalf of the Class Members and have the financial resources to do so. Neither Plaintiffs nor counsel has any interest adverse to those of the Class Members.

51.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications that would establish incompatible standards of conduct for Defendants. Adjudications respecting

individual Class Members would, as a practical matter, be dispositive of the interests of the other Class Members or would risk substantially impairing or impending their ability to prosecute their interests.

52.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all Class Members, thereby making relief in the form of an injunction - requiring Defendants to remediate the nuisance, to conduct a prompt and thorough investigation, and to engage in identification, excavation, containment, remediation and removal of all Site Contaminants from the properties of Plaintiffs and the Members of the Class - reasonably appropriate.

53.     Plaintiffs and Class Members have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23 (b)(3). Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. Absent a class action, most Class Members likely would find the cost of litigating their claims prohibitive and would have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Thus, it would be impracticable and undesirable for each member of each putative class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the Court and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

55.    Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses pursuant to Fed. R. Civ. P. 23(c)(4).

56.    No unusual difficulties are likely to be encountered in the management of this action as a class action.

57.    Plaintiffs and the Class Members were not in any way responsible for the Site Contaminants in the Class Area.

## CAUSES OF ACTION

## FIRST CLAIM – NEGLIGENCE - CONTINUING NEGLIGENCE

58.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

59.    At all relevant times hereto Defendants owed to Plaintiffs and Class Members, who foreseeably could be injured by its negligence, a duty to exercise reasonable care in using, handling, storing, disposing, releasing, and discharging Site Contaminants, Defendants knew, or should have known, that their actions could result in damage and injury to Plaintiffs, Class Members, their property, and their residences.

60.    Defendants also owed a duty of care to Plaintiffs and Class Members to exercise reasonable care in the disposal, storage, and remediation of Site Contaminants particularly due to the proximity of their actions in relation to Plaintiffs' and Class Members' residential property.

61.    Defendants further owed a duty to exercise reasonable care to disclose the presence of these Contaminants, including carcinogenic materials, the risks that they posed, and what Defendants knew about the presence and risks of these Site Contaminants.

62.    Defendants further owed a duty to exercise reasonable care to remediate and manage the Site Contaminants to avoid further injury to Plaintiffs and Class Members.

63.   These duties to exercise reasonable care arose out of the common law as well as relevant Federal and California environmental statutes and regulations.

64.   Defendants breached their duty, over a period of years, in at least the following respects:

a.   Failing, and continuing to fail, to prevent groundwater contamination and its migration off of the Site of the Contamination.

b.   Despite knowledge of the widespread presence of Site Contamination, and along with the knowledge of the health and environmental risks that these materials posed for those living in the Class Area, failing, and continuing to fail, to take appropriate actions in, on, at and around the Site (including acts into, onto, and under the land that forms the Class Area) and into private homes within the Class Area.

c.   Failing, and continuing to fail, to safely, properly and timely remove, remediate and dispose of the hazardous and toxic Contamination, including carcinogenic materials.

d.   Failing, and continuing to fail, to warn and disclose to Plaintiffs and Class Members of the Contamination on, in, and around their properties, and the risks that this Contamination posed to them and to their families, and the likelihood that they were being exposed to carcinogenic chemicals.

e.   Defendants have failed, and continue to fail, to adequately and with due care identify the extent of Contamination from the Site, promptly notify property owners of impacts and health threats posed by those chemicals, and remediate these chemicals so as to reduce or remove the threat to Plaintiffs' and Class Members' properties.

65.    As a result of Defendants' acts and omissions, as further detailed above, extensive Contamination has existed, exists and will continue to exist without affirmative remediation actions in and around the Class Area.

66.    As a result of Defendants' misconduct and continued malfeasance as set forth herein, Plaintiffs and Class Members have suffered and continue to suffer harm and damages, including, but not limited to, the loss of value to their property and the loss of the use and enjoyment of their property and an increased risk of serious injury/illness.

67.    At all relevant times, Defendants caused and continue to cause actual injury and actual damages to Plaintiffs and the Class Members and/or their property through acts and omissions actuated by actual malice and/or accompanied by a reckless, wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

68.    Defendants, despite knowledge of the serious health and environmental effects associated with exposure to such Contaminants, including carcinogenic materials, allowed for the development of Contaminated lands for development and sale for residential use despite being unfit for residential purposes due to the presence of the Contamination in, on, at and around the land comprising the Class Area and subsequently failed to warn Plaintiffs, the Class Members, and the public of the dangers such activities posed.

69.    Defendants, despite knowledge of the serious health and environmental effects associated with exposure to Site Contaminants, masked and continue to mask the true extent of contamination, thereby enabling themselves to avoid taking all appropriate steps to properly remediate the hazardous substances and levels of contamination in, on, at and around the Class Area or to remediate and mitigate dangers.

70.    As a direct and proximate result of the Defendants' continuing wrongful acts and omissions, Plaintiffs and Class Members properties have been

1  and will continue to be contaminated (without abatement), and the property value

2  diminished and these properties are unfit for unfettered residential use.

3    71.    As a direct and proximate result of the Defendants' continuing

4  wrongful acts and omissions, Plaintiffs and the Class Members currently suffer an

5  increased risk of serious latent disease, including a number of types of cancer that

6  are associated with exposure to Site Contaminants.

7    72.    As a direct and proximate result of the Defendants' continuing

8  wrongful acts and omissions, Plaintiffs and the Class Members currently suffer

9  actual property damage, diminution in the value of their property, stigma, need for

10  mitigation and remediation, cleanup costs, loss of use and enjoyment of their

11  property and destruction of their community. Plaintiffs and the Class Members

12  seek to recover against the Defendants for such damages. Further, Plaintiffs and

13  the Class Members seek restitution from the Defendants for the amount

14  Defendants saved by not safely and properly disposing their waste by disposing of

15  their waste on Plaintiffs and the Class Members property.

16  **SECOND CLAIM – PRIVATE NUISANCE**

17    73.    Plaintiffs repeat and re-allege each and every allegation contained in

18  the preceding paragraphs of this complaint as if set forth in full herein.

19    74.    Defendants' past, present and/or continuing acts and/or omissions

20  constitute a nuisance in that Defendants have used the Site in a manner that has

21  resulted in an unreasonable burden and interference on the Plaintiffs and the Class

22  Members in the form of personal harm, inconvenience, annoyance and discomfort

23  incidental to the contamination of their properties by Site Contaminants that

24  leaked, leached, or discharged from the Site.

25    75.    Defendants' past, present and/or continuing activities, acts and/or

26  omissions at the Site and in the property surrounding the Site including, but not

27  limited to, the Class Area, constitute a private continuing nuisance resulting in

28  unreasonable interference with Plaintiffs' and the Class Members' right to the

exclusive use and enjoyment of their properties due to the presence of contamination in the form of hazardous and toxic substances contaminating their properties and the surrounding environment, thereby exposing Plaintiffs and the Class Members to hazardous and toxic substances and substantially interfering with Plaintiffs' and the Class Members' free use and enjoyment of their properties.

76.    Defendants' past, present and/or continuing acts and/or omissions, resulting in high levels of hazardous Contamination in and on the properties surrounding the Site and/or Defendants' failure to contain, remove, or properly investigate and remediate this hazardous Contamination, and allowing such Contamination to remain on Plaintiffs' and the Class Members' properties, the surrounding properties, and the surrounding environment, constitutes a nuisance in that Defendants have managed the Site and the remediation of Site Contaminants in a manner that has unreasonably interfered with Plaintiffs' and the Class Members' property interests, use and enjoyment, and health and safety.

77.    Defendants' past, present and/or continuing acts and/or omissions, resulting in high levels of Site Contamination at and on the properties surrounding the Site and/or Defendants' failure to remove or properly investigate and remediate this hazardous Contamination, and allowing such contamination to remain on the private properties surrounding Plaintiffs' properties constitutes a nuisance in that Defendants will now have to engage in extensive and disruptive remediation and removal of these contaminants that will result in unreasonable interference with Plaintiffs' and Class Members' use and enjoyment of their property. Further, Plaintiffs and the Class Members seek restitution from the Defendants for the amount Defendants saved by not safely and properly disposing their waste by disposing of their waste on Plaintiffs and the Class Members property.

78.    Defendants' Contamination presently impacts Plaintiffs' and the Class Members' property, causes a diminution in their property values, is a blight on Plaintiffs' community, causes annoyance, interference and inconvenience and

deprives Plaintiffs of the free use and enjoyment of property, including, but not limited to, the inability to fully use, enjoy and recreate on their indoor and outdoor spaces, freely perform certain work and repairs on their property; and requiring the property to be dug up, excavated, handled with extreme caution and otherwise disrupted causing inconvenience and disruption.  Plaintiffs and Class Members additionally suffer fear of adverse health effects, including cancer and other latent, serious illness.

79.    In the alternative, Defendants' disposal of and/or failure to control and/or remediate Site Contaminants from residential areas violates applicable standards and/or regulations, which constitutes a nuisance *per se*.

80.    Defendants' knew or should have known that the invasion of Site Contaminants onto Plaintiffs' and the Class Members' properties and residences was substantially certain to result.

81.    This interference with Plaintiffs' and the Class Members' use and enjoyment of their property is and will continue to be substantial, unreasonable, unwarranted and unlawful until removed.

82.    As a result of Defendants' wrongful acts and omissions, Plaintiffs and the Class Members have suffered and will suffer exposure to hazardous substances, annoyance, inconvenience, discomfort, displacement, fear of adverse health effects and economic loss for which damages are justified.

83.    As a direct and proximate result of Defendants' misconduct, Plaintiffs and the Class Members have suffered and will continue to suffer economic losses and the loss of value to their property and other damages.

84.    The nuisance that Defendants created, and continue to create, is a continuing nuisance in that it has continued and has not been abated. In the alternative, the nuisance that Defendants created and continue to create is a permanent nuisance and cannot be abated.

85.    Separate and apart from acting negligently, at all relevant times

Defendants caused injury and damages to the Plaintiffs, the Class Members and/or their property through acts and omissions actuated by actual malice and/or accompanied by a reckless, wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

86.    Defendants, despite knowledge of the serious health and environmental effects associated with exposure to the Site Contaminants failed to properly investigate and remediate said Contaminants from the surrounding environment and had knowledge (or should have known) that the land, groundwater and indoor air had been, is, or would be developed for residential use; at the same time as failing to warn purchasers and existing residents of the dangers of such Contaminants.

87.    Defendants, despite knowledge of the serious health and environmental effects associated with exposure to the Site Contaminants, did not disclose the true extent of Contamination, thereby enabling the Defendants to avoid taking all appropriate steps to properly remediate Site Contaminants and to mitigate their dangers in the Class Area.

88.    Defendants, despite knowledge of the serious health and environmental effects associated with exposure to the Site Contaminants, failed to properly warn of and remediate such Contamination in the Class Area.

## THIRD CLAIM – TRESPASS/ CONTINUING TRESPASS

89.    Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

90.    Defendants intentionally used, disposed of and stored chemicals that directly caused, and continue to cause, the migration of Site Contamination at, under, onto, and into Plaintiffs' and Class Members' properties and homes.

91.    These chemicals on their land constitute uninvited, unwanted and unlawful invasion of Plaintiffs' and Class Members' properties and homes.

92.    Defendants' trespass has proximately caused, and continues to cause, Plaintiffs and the Class Members to suffer economic and non-economic damages including remediation costs, loss of use and enjoyment, stigma, and loss of property value. Plaintiffs and Class Members sue to recover these damages. Further, Plaintiffs and the Class Members seek restitution from the Defendants for the amount Defendants saved by not safely and properly disposing their waste by disposing of their waste on Plaintiffs and the Class Members property.

93.    Plaintiffs' and the Class Members' right to be free of trespass has been and continues to be denied by Defendants.

## **JURY TRIAL DEMAND AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter an order or judgment against Defendants as follows:

A.    Enter an Order pursuant to Federal Rule of Civil Procedure 23 permitting this action to be maintained as a class action, appointing Plaintiffs as the representatives of the Class and Plaintiffs' counsel as counsel for the Class;

B.    Enter an Order requiring injunctive relief – that the Defendants bear the costs of a property inspection and remediation program, including, but not limited to, testing, examination, mitigation and remediation of the Site Contaminants at each Class Area Property;

C.    Enter an Order requiring the Defendants to bear the cost of publication to Plaintiffs and Class Members of any notice required by Fed. R. Civ. P. 23 or by the Court;

D.    Enter judgment in favor of Plaintiffs and Class Members against Defendants for loss of property value, stigma, loss of use and enjoyment, cost of appropriate mitigation and remediation measures, unjust enrichment and for all other relief, in an amount to be proven at trial, as to which they may be entitled, including attorney's fees,

interest, fees and costs of this suit;

E.    Award prejudgment and post-judgment interest as provided by law;

F.    Award punitive damages; and

G.    Award such other relief as this Court deems necessary, just and proper.

Dated:  August 3rd, 2022

<div style="margin-left:auto">

*/s/ Michael Akselrud*
Michael Akselrud (SBN 285033)
michael.akselrud@lanierlawfirm.com
**THE LANIER LAW FIRM, P.C.**
21550 Oxnard St., 3rd Floor
Woodland Hills, California 91367
Telephone: (310) 277-5100
Facsimile:  (310) 277-5103

W. Mark Lanier (*pro hac vice*)
WML@lanierlawfirm.com
Chris L. Gadoury (*pro hac vice*)
chris.gadoury@lanierlawfirm.com
Alex J. Brown (*pro hac vice*)
Alex.Brown@lanierlawfirm.com
Ryan D. Ellis (*pro hac vice*)
Ryan.Ellis@lanierlawfirm.com
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N
Houston, Texas  77064
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204

Christopher T. Nidel (*pro hac vice*)
chris@nidellaw.com
Jonathan Nace (*pro hac vice*)
jon@nidellaw.com
**NIDEL & NACE, P.L.L.C.**
One Church Street
Suite 802
Rockville, Maryland 20850
Telephone: (202) 780-5153

</div>

David P. Page (*pro hac vice*)
dpage@eenradvocates.com
**ENVIRONMENTAL ENERGY & NATURAL
RESOURCES ADVOCATES, PLLC**
1921 S Boston Ave.
Tulsa, Oklahoma  74119
Telephone: (918) 764.8984

Gideon Kracov (he/him/his) (Cal. SBA # 179815)
gk@gideonlaw.net
Jordan R. Sisson (Cal. SBN # 327057)
jordan@gideonlaw.net
**LAW OFFICE OF GIDEON KRACOV**
801 S. Grand Ave., 11th Floor
Los Angeles, California 90017
Telephone: (213) 629-2071

***Attorneys for the Plaintiffs and the
Putative Class Members***

- 25 -

1

## __CERTIFICATE OF SERVICE__

2      I, Michael Akselrud, an attorney, hereby certify that the **SECOND**

3   **AMENDED CLASS ACTION COMPLAINT** was served to counsel for the

4   Defendants through the Court's ECF/CM system on August 3rd, 2022.

5

6                                                    By: */s/ Michael Akselrud*

7                                                         Michael Akselrud

8                                                    ***Attorneys for the Plaintiffs and the***

9                                                    ***Putative Class Members***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28