Michael Akselrud (SBN 285033)
Michael.Akselrud@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
2829 Townsgate Rd., Ste. 100
Westlake Village, California 91361
Telephone: (310) 277-5100
Facsimile: (310) 277-5103

W. Mark Lanier (*pro hac vice*)
WML@lanierlawfirm.com
Alex J. Brown (*pro hac vice*)
Alex.Brown@lanierlawfirm.com
Ryan D. Ellis (*pro hac vice*)
Ryan.Ellis@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
10940 W. Sam Houston Pkwy N
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

Christopher T. Nidel (*pro hac vice*)
chris@nidellaw.com
Jonathan Nace, Esq. (*pro hac vice*)
jon@nidellaw.com
Nidel & Nace, P.L.L.C.
One Church Street
Suite 802
Rockville, MD 20850
Telephone: (202) 780-5153

David P. Page (*pro hac vice*)
dpage@eenradvocates.com
Environmental Energy & Natural
Resources Advocates, PLLC
1921 S Boston Ave.
Tulsa, Oklahoma 74119
Telephone: (918) 764-8984

Gideon Kracov (he/him/his) (Cal.
SBA # 179815)

1  gk@gideonlaw.net
2  Jordan R. Sisson (Cal. SBN # 327057)
   jordan@gideonlaw.net
3  Law Office of Gideon Kracov
4  801 S. Grand Ave., 11th Floor
   Los Angeles, CA 90017
5  Telephone: (213) 629-2071

6  *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JED AND ALISA BEHAR, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>                    Defendants | Case No. 21-cv-03946-FMO-SK<br><br>CLASS ACTION<br><br>**Ex Parte Application for Hearing On Motion to Amend the Scheduling Order**<br><br>**Hearing:**<br>Date:    TBD<br>Time:   TBD<br>Place:  Courtroom 5B, 5th Floor<br>          350W. 1st Street<br>          Los Angeles, CA 90012<br>Judge:  Hon. Hernán D. Vera<br><br>Complaint Served: June 30, 2021 |

Jed and Alisa Behar, the Plaintiffs in this case, hereby ask this court *ex parte* to hear their Motion to Amend the Scheduling Order (Ex. 1) to allow for an urgent deposition of a representative of the Los Angeles Regional Water Quality Control Board (LARWQCB). This deposition would concern the LARWQCB's draft abatement order, which declared that the Defendants' conduct in the putative class area was a nuisance *per se*. The LARWQCB, however, has not yet finalized this abatement order because Defendants have informally agreed to perform all required conduct in the draft abatement order. This agreement is contrary to the testimony that Defendants and their agents provided during fact discovery, most of which occurred in June-August 2023. Plaintiffs urgently require a hearing on this issue before the Court's next available hearing date in November 2023 because this agreement is paramount to the claims of the putative class members and is necessary so that all parties have access to the regulator's information about the environmental health and safety implications of the contamination at issue.

As required by Local Rule 7-19.1, Plaintiffs provided the Defendants' counsel with oral notice of this ex parte application, and Defendants have indicated that they oppose Plaintiffs' request to take the deposition of a LARWQCB representative. (See Ex. 9, Decl. ¶¶3 - 7). The LARWQCB, however, has agreed to make a representative available for a deposition. (See Ex. 9, Decl. ¶2) Any prejudice to Defendants from the request is minimal because Defendants would not be required to prepare a witness for this deposition. Plaintiffs have acted with diligence to arrange for this deposition with the Board quickly after hearing the contradictory testimony from Defendants' and their agents this summer. Despite this, opposing counsel indicated that they would file an opposition to Plaintiffs' application.

# TABLE OF CONTENTS

*TABLE OF CONTENTS* ................................................................................. ii
*TABLE OF AUTHORITIES* ........................................................................ iii
*L.R. 7-19 MEMORANDUM* .......................................................................... 1
*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION* .................................................................................. 2
   I.   Introduction & Summary of Argument ...................................................... 2
   II.  Procedural History ..................................................................................... 4
   III. Argument .................................................................................................. 4
      A.  Plaintiffs will be irreparably prejudiced without ex parte relief. ............... 5
      B.  Plaintiffs are without fault and acted with due diligence. ......................... 5
   IV. Relief Requested. ....................................................................................... 6
*CERTIFICATE OF SERVICE* ....................................................................... 9
*CERTIFICATE OF COMPLIANCE* ........................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Mission Power Engineering Co. v. Continental Cas. Co.*,
   883 F. Supp. 488, 492 (C.D. Cal. 1995)..............................................................4

## L.R. 7-19 MEMORANDUM

Pursuant to Local Rule 7-19, below are the names and contact information for Defendants' counsel of record:

PATRICK W. DENNIS, SBN 106796 pdennis@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692 cchorba@gibsondunn.com
ABBEY HUDSON, SBN 266885 ahudson@gibsondunn.com
DEENA KLABER, SBN 285237 dklaber@gibsondunn.com
JOSEPH D. EDMONDS, SBN 297984 jedmonds@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000 / Facsimile: 213.229.7520


JOHN CERMAK, SBN 146799 jcermak@cermaklegal.com
HANNAH BLOINK, SBN 307442 hbloink@cermaklegal.com
CERMAK & INGLIN, LLP
12121 Wilshire Blvd, Ste 322
Los Angeles, CA 90025-1166
Telephone: 424.465.1531 / Facsimile: 424.371.5032

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

## I. Introduction & Summary of Argument

This case arises from exposure to toxic chemicals emanating from Defendants' site which have contaminated the groundwater beneath a residential area in the Canoga Park neighborhood of Los Angeles. Plaintiffs have pled that they are entitled to damages for the contaminated soil and groundwater in the class area.

On October 10, 2022, the Los Angeles Regional Water Quality Control Board (LARWQCG), the agency responsible for protecting the ground and surface water quality in the Los Angeles region, entered a Draft Cleanup and Abatement Order (Draft CAO), which would require the Defendants "to assess, monitor, and cleanup wastes and/or abate the effects of discharges of wastes, including VOCs that have been discharged to soil and groundwater at 8020 Deering Avenue, Canoga Park, California." (Draft CAO Cover Letter, Ex. 2). The draft CAO declared that the contamination from the Defendants' site is a nuisance *per se*:

> "The presence of high levels of contamination in groundwater, the soil matrix, and soil vapor and the threat of vapor intrusion caused by these contaminants constitutes a public nuisance per se because the pollution occurred as a result of discharges of wastes in violation of the Water Code."

(Ex. 2, at 1).

The Draft CAO also concluded that the Defendants conduct created a threat to public health: "The dischargers have caused or permitted VOCs to be discharged or deposited where the wastes are or probably will pose a potential human health threat to occupants of the Site…" (Ex. 2, at 7–8).

The Defendants, however, requested, and were granted an extension of time to respond to the Draft CAO on November 1, 2022. Then, on November 18, 2022,

2

the comment period for the abatement order was suspended. (<u>Ex. 3</u>) Despite apparent discussions between the LARWQCB and the Defendants' agents, a final CAO, however, was never formally ordered.

On May 31, 2023, Plaintiffs' counsel contacted the LARWQCG and learned that Defendants had met informally with the Board and "agreed to perform all of the work required in the draft CAO and is currently preparing to perform a pilot study for source control" so the Board did not finalize this agreement with the expectation "that [Defendants'] compliance continues…" (Email from LARWQCG employee Mexi Akzayakatl, May 31, 2023, <u>Ex. 4</u>). Plaintiffs repeatedly asked Defendants 30(b)(6) representative, Kevin Miskin, about remediation plans in the class area but his responses were contrary to the Board's position, stating that remediation of the class area was not occurring and that the Defendants were only engaging in a pilot test. (Excerpt from 30(b)(6) Dep. of Northrup Grumman, Kevin Miskin, 94:2–95:25, <u>Ex. 5</u>). This ambiguity was worsened when Plaintiffs discussed the cause of the contamination—Defendants' clarifier, a tank used for disposing of contaminants at the site—with Jeffrey Gwinn, Defendants' agent, on July 27, 2023, who after the LARWQCB issued the Draft CAO, submitted a declaration on October 31, 2022, walking back his statements that the Defendants' clarifier caused the contamination of the putative class area. (Excerpt of Dep. of Jeffrey Gwinn, 235:16–236:21, 338:8–340:20, <u>Ex. 6</u>).

After hearing this contradictory testimony, on August 17, 2023 Plaintiffs requested a deposition of a LARWQCB representative to discuss, *inter alia*, the LARWQCB's understanding that remediation would occur as described in the Draft CAO. Plaintiffs notified the Defendants that they may need to discuss the issue with the Board and advised the Court of the same in their Joint Status Report on August 22, 2023 (Doc. 103, at 10). The LARWQCB, after discussing the request with its internal counsel, agreed to make a representative available to

discuss this decision on September 20, 2023, which was after the close of fact discovery. (See Ex. 9, Decl. ¶2). This testimony is crucial to clarify before the close of expert discovery whether and what kind of remediation activities will occur in the future with regard to the putative class area plume.

## II. Procedural History

On July 26, 2023, the Court entered an order granting the parties' Joint Stipulation amending the scheduling order and withdrawing the Plaintiffs' subpoena to produce documents to Dr. Helen Dawson. (Doc. 101). The parties stipulated that July 31, 2023, would remain the deadline for the completion of fact discovery and that the depositions of Shantal Der Boghosian and Helen Dawson would occur after the fact discovery deadline.

On August 3, 2023, the Court set a scheduling hearing for September 5, 2023, and requiring the parties to submit joint Rule 26(f) reports. In the parties joint Rule 26(f) Report, Plaintiffs advised the Court that the LARWQCB had found that the Defendants' conduct created a nuisance per se and requested "leave to depose a representative of the [LARWQCB] on September 20, 2023." (Doc. 103, at 10). At that time, Plaintiffs were waiting on confirmation from the LARWQCB that they would agree to a deposition regarding the Draft CAO.

## III. Argument

To establish that a litigant is entitled to ex parte relief, they must "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The threatened prejudice necessary must be "severe" and the moving party must show it "has a high likelihood of success on the merits." *Id.* The moving party is without fault

4

when the necessity for bypassing the regular motion procedures could not have been avoided with due diligence. *Id.* at 493.

### A. Plaintiffs will be irreparably prejudiced without ex parte relief.

Plaintiffs will be irreparably prejudiced without hearing the LARWQCB's clarifying testimony about the scope of its agreement with the Defendants to perform remediation in the class area. This testimony is important for the parties and the Court's understanding of the environmental health and safety aspects of the groundwater plume. It must be obtained before completing expert discovery because whether the Defendants committed a nuisance *per se* in the putative class area, and what is planned for cleanup, is a central issue in this litigation and a basis for summary judgment in Plaintiffs' favor and possibly a finding of predominance for a motion for class certification. Thus, the prejudice Plaintiffs would suffer should this application not be granted satisfies Rule 16's "good cause" standard and Rule 15's "interests of justice" standard to warrant an extension of the Scheduling Order to conduct a deposition of the LARWQCB.

### B. Plaintiffs are without fault and acted with due diligence.

Plaintiffs did not create this urgency because they acted promptly in contacting the LARWQCB, months before the close of fact discovery to learn discover the reason that the Board had not entered a final CAO. In fact, the Defendants never disclosed the contents of this informal agreement to perform the activities described in the Draft CAO (Ex. 4) and have never produced any documents describing the existence of such an agreement despite starkly disputing the remediation should occur or that their conduct amounted to a nuisance.

After learning that Defendants had apparently agreed to perform the required activities in the Draft CAO on May 31, 2023, Plaintiffs questioned Defendants' representatives during depositions in July and August about the scope of any remediation occurring in the class area. But Defendants never disclosed the existence of this agreement, or whether and to what extent they would be

5

complying with the Draft CAO. Defendants should not be the only party with access to information about its agreements with the government. The Plaintiffs will be severely prejudiced if Defendants can shield public information about remediation activities and related agreements with LARWQCB from the Court.

Plaintiffs also notified Defendants and the Court of their need for a deposition of the LARWQCB in their Rule 26(f) submission to the Court following the ambiguities about this agreement. (Doc. 103, at 10). The regular motion procedure will not be adequate to ensure that this deposition is completed before the end of expert discovery because the Court's current hearing schedule can only provide a hearing as soon as November 2023. The LARWQCB has also consented to this deposition and agreed to make a representative available on September 20, 2023.

## IV.     Relief Requested.

Plaintiffs respectfully request that this Court grant Plaintiffs' ex parte motion and hear their attached motion to amend the scheduling order to permit the deposition of a LARWQCB representative. (Ex. 1). The LARWQCB does not oppose the deposition, and has even offered a date for it, and for the reasons discussed in the attached motion, Defendants will not be unduly prejudiced should this deposition of a third party be permitted to go forward.  Plaintiffs request all other and further relief to which they may be justly entitled.

Dated:  September 8, 2023          /s/ *Michael Akselrud*

Michael Akselrud (SBN 285033)
michael.akselrud@lanierlawfirm.com
**THE LANIER LAW FIRM, P.C.**
2829 Townsgate Rd., Ste. 100
Westlake Village, California 91361
Telephone: (310) 277-5100
Facsimile:  (310) 277-5103

W. Mark Lanier (*pro hac vice*)
WML@lanierlawfirm.com
Chris L. Gadoury (*pro hac vice*)
chris.gadoury@lanierlawfirm.com
Alex J. Brown (*pro hac vice*)
Alex.Brown@lanierlawfirm.com
Ryan D. Ellis (*pro hac vice*)
Ryan.Ellis@lanierlawfirm.com
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N
Houston, Texas  77064
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204

Christopher T. Nidel (*pro hac vice*)
chris@nidellaw.com
Jonathan Nace (*pro hac vice*)
jon@nidellaw.com
**NIDEL & NACE, P.L.L.C.**
One Church Street
Suite 802
Rockville, Maryland 20850
Telephone: (202) 780-5153

David P. Page (*pro hac vice*)
dpage@eenradvocates.com
**ENVIRONMENTAL ENERGY & NATURAL RESOURCES ADVOCATES, PLLC**
1921 S Boston Ave.
Tulsa, Oklahoma  74119
Telephone: (918) 764.8984

|   |   |
|---|---|
| 1 | Gideon Kracov (he/him/his) (Cal. SBA # 179815) |
| 2 | gk@gideonlaw.net |
|   | Jordan R. Sisson (Cal. SBN # 327057) |
| 3 | jordan@gideonlaw.net |
| 4 | **LAW OFFICE OF GIDEON KRACOV** |
|   | 801 S. Grand Ave., 11th Floor |
| 5 | Los Angeles, California 90017 |
| 6 | Telephone: (213) 629-2071 |

*Attorneys for the Plaintiffs and the Putative Class Members*

# CERTIFICATE OF SERVICE

I, David Page, an attorney, hereby certify that the **EX PARTE APPLICATION FOR HEARING ON MOTION TO AMEND THE SCHEDULING ORDER** was served to counsel for the Defendants through the Court's ECF/CM system on September 8, 2023.

By: */s/ David Page*
David Page

*Attorneys for the Plaintiffs and the Putative Class Members*

# CERTIFICATE OF COMPLIANCE

I, David Page, attorney for the Plaintiffs and the putative class members, hereby certify that, according to the word-count tool in Microsoft Word, this memorandum of points and authorities consists of <u>2537</u> words, including headings, footnotes, and quotations, but excluding the caption, the table of contents, the table of authorities, the signature block, certifications, and exhibits. Thus, this motion complies with the 7,000-word limitation requirement of L.R. 11-6.1.

By: <u>*/s/ David Page*</u>
David Page

***Attorney for the Plaintiffs and the Putative Class Members***