PATRICK W. DENNIS, SBN 106796
  pdennis@gibsondunn.com
ABBEY HUDSON, SBN 266885
  ahudson@gibsondunn.com
DEENA KLABER, SBN 285237
  dklaber@gibsondunn.com
JOSEPH D. EDMONDS, SBN 297984
  jedmonds@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

JOHN CERMAK, SBN 146799
  jcermak@cermaklegal.com
HANNAH BLOINK, SBN 307442
  hbloink@cermaklegal.com
CERMAK & INGLIN, LLP
12121 Wilshire Blvd, Ste 322
Los Angeles, CA 90025-1166
Telephone:  424.465.1531
Facsimile:   424.371.5032

Attorneys for Defendants NORTHROP
GRUMMAN CORPORATION and
NORTHROP GRUMMAN SYSTEMS
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JED and ALISA BEHAR,<br><br>             Plaintiffs,<br><br>      v.<br><br>NORTHROP GRUMMAN<br>CORPORATION and NORTHROP<br>GRUMMAN SYSTEMS<br>CORPORATION,<br><br>             Defendants. | CASE NO. 2:21-cv-03946-HDV-SK<br><br>DISTRICT JUDGE HERNÁN D. VERA<br><br>**DECLARATION OF JOSEPH D. EDMONDS IN SUPPORT OF DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION FOR HEARING ON MOTION TO AMEND THE SCHEDULING ORDER** |

Gibson, Dunn &
Crutcher LLP

## DECLARATION OF JOSEPH D. EDMONDS

I, Joseph D. Edmonds, declare as follows:

1.     I am an attorney admitted to practice law before all courts of the State of California.  I am an attorney at the law firm Gibson, Dunn & Crutcher LLP, and I am one of the attorneys representing Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively "Northrop Grumman") in the above-referenced action.  I submit this declaration in support of Defendants' Opposition to *Ex Parte* Application for Hearing on Motion to Amend the Scheduling Order.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to these facts.

2.     On October 25, 2021, Northrop Grumman disclosed to Plaintiffs that several L.A. Regional Water Quality Control Board ("Regional Board") employees had "knowledge or other relevant information" regarding their lawsuit, including "Mexikatzin, Akzayakatl," the Regional Board employee Plaintiffs now seek to depose. Attached hereto as **Exhibit A** is a true and correct copy of excerpts of Northrop Grumman's Responses and Objections to Plaintiffs' First Set of Interrogatories, dated October 25, 2021, in which the relevant response may be found on internal page 34.

3.     On November 3, 2021, Northrop Grumman produced to Plaintiffs over 53,000 pages of documents consisting of the Regional Board's publicly accessible case file for the property at issue in this litigation, which mention Mr. Akzayakatl repeatedly.

4.     Northrop Grumman completed its fact witness depositions in July 2022.

5.     Plaintiffs took their first deposition in this action in March 2023.

6.     In April 2023, my office provided the October 31, 2022 declaration of Jeffrey Gwinn to Plaintiffs' counsel, which Plaintiffs reference on page three of their *ex parte* application.

7.     On May 22, 2023, my colleague emailed Plaintiffs' counsel and informed them that "discovery closes on July 31st" and asked for a "list of fact witnesses that you plan to depose."  Plaintiffs' counsel responded on May 25 with a list of nine fact

witnesses, which did not mention Mr. Akzayakatl.  Attached hereto as **Exhibit B** is a true and correct copy of the email chain reflecting this correspondence.

8.      Plaintiffs deposed Kevin Miskin on July 6, 2023.

9.      On July 12, 2023, Plaintiffs' counsel noticed the deposition of another witness, Dr. Helen Dawson, who was not listed in Plaintiffs' May 25 witness list.

10.     Counsel for the parties met and conferred regarding the joint Rule 26(f) report on August 15, 2023.  Plaintiffs' counsel did not disclose their intention to depose Mr. Akzayakatl during that conference.

11.     Plaintiffs' counsel first disclosed to Northrop Grumman their intent to depose a Regional Board employee on August 21, 2023 when they sent my office their portion of the Rule 26(f) joint report.

12.     On August 29, 2023, Plaintiffs' counsel emailed my office advising that Plaintiffs had already arranged to take Mr. Akzayakatl's deposition on September 20, 2023.  Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' counsel's August 29, 2023 email.

13.     On August 30, 2023, the Regional Board's counsel inquired by email whether Plaintiffs intend to "move forward with Mexi's deposition on the 20th in view of the" scheduling order (Dkt. 86) and Plaintiffs' stipulation regarding discovery (Dkt. 99), which were attached to the email.  Attached hereto as **Exhibit D** is a true and correct copy of the Regional Board's counsel's August 30, 2023 email to Plaintiffs, which the Regional Board sent to my colleagues.

14.     On August 31, 2023, the parties' counsel met and conferred regarding Plaintiffs' request to depose Mr. Akzayakatl, during which Plaintiffs' counsel stated that they may file an *ex parte* application seeking to take the deposition.

15.     When the parties met and conferred on August 31, 2023, Plaintiffs' counsel did not inform Northrop Grumman that they would file an *ex parte*, only that they may do so.  Northrop Grumman did not begin drafting its opposition to Plaintiffs' application until Friday, September 8, when Plaintiffs' counsel informed Northrop Grumman that

they would be filing an *ex parte* application that same day (September 8).  Plaintiffs' counsel did not file their application until the following morning, Saturday, September 9, at 9:51 a.m.  Based on the Court's standing order and Rule 6(a)(2), which is incorporated into that order, Northrop Grumman understood that its opposition was due Monday, September 11 at 9:51 a.m.  This timing did not allow Northrop Grumman to seek an extension from the Court for fear that such extension would not be considered before the deadline had passed.  In addition to the usual hardship associated with drafting a brief of this nature on a short timeframe, several key members of Northrop Grumman's legal team were traveling to Washington D.C. on September 10 for the Deposition of Dr. Helen Dawson, which Plaintiffs noticed for September 13.

16.    I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this Declaration in Irvine, California.  Executed this 11th day of September, 2023.


                                                    */s/ Joseph D. Edmonds*
                                                    Joseph D. Edmonds