GIBSON, DUNN & CRUTCHER LLP
PATRICK W. DENNIS, SBN 106796
    PDennis@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
    MMcRae@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
    CChorba@gibsondunn.com
ABBEY HUDSON, SBN 266885
    AHudson@gibsondunn.com
JEREMY S. OCHSENBEIN, SBN 266884
    JOchsenbein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JOHN CERMAK, SBN 146799
    JCermak@cermaklegal.com
HANNAH BLOINK, SBN 307442
    HBloink@cermaklegal.com
CERMAK & INGLIN, LLP
12121 Wilshire Boulevard, Suite 322
Los Angeles, CA 90025-1166
Telephone:    424.465.1531
Facsimile:    424.371.5032

Attorneys for Defendants NORTHROP GRUMMAN
CORPORATION and NORTHROP GRUMMAN SYSTEMS
CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JED and ALISA BEHAR,<br><br>              Plaintiffs,<br><br>      v.<br><br>NORTHROP GRUMMAN CORPORATION and NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>              Defendants. | CASE NO. 2:21-cv-03946-HDV-SK<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' OBJECTION REGARDING TESTIMONY OF RECENT REMEDIATION ACTIVITIES** |

Gibson, Dunn &
Crutcher LLP

Defendants respectfully submit this supplemental response to Plaintiffs' objection to Dr. Matthew Thomas's testimony regarding recent remediation work related to 8020 Deering Avenue. Plaintiffs' counsel argued that Plaintiffs had "never been produced any of these documents, any of this information." Hudson Decl., Ex. A at 625:4–22, 626:20–23. That statement is demonstrably false.

Plaintiffs' Trial Exhibit 337, Geosyntec's 2025 Soil Vapor Report, describes these recent remediation efforts in detail. Dr. Thomas testified that he was "most proud" of "the remediation that we've done" on the project, "especially in the last year," and specifically mentioned "an operating groundwater pump and treat system" that Northrop Grumman Guidance expanded "to cover a larger area of contamination," as well as installation of a "soil vapor extraction system," which led to Plaintiffs' counsel's first objection. Hudson Decl., Ex. A at 624:24–625:14. After the Court overruled that objection, Dr. Thomas also testified about installing a "permeable reactive barrier," and Defendants' counsel's next question—whether "there [is] any data to show whether the barrier in this project is having any effect on contamination levels"—drew another objection from Plaintiffs' counsel. *Id.* at 626: 1–21.

Plaintiffs' Exhibit 337 describes the specific subjects of Dr. Thomas's testimony objected to by Plaintiffs' counsel and refers to a publicly available report with additional details of the work (including the three specific remediation measures Dr. Thomas described). The 2025 Soil Vapor Report provides a status update regarding "remedial action implementation," including a description of tasks performed in the second half of 2025. EX_337.0013. The report states that Geosyntec "[s]ubmitted [the] Remedial Action Completion Report for Emulsified Vegetable Oil (EVO) and Microscale Zero-Valent Iron (mZVI) Pilot Test through the State's Geotracker website on 18 December 2025," EX_337.0014 (citation omitted), and, among other activities, "conducted quarterly groundwater sampling" for the EVO/mZVI (referred to in testimony as the "permeable reactive barrier" or "PRB") Pilot Test, "in accordance with the Permeable Reactive Barrier (PRB) MRP" (or monitoring and reporting plan), EX_337.0015. It also describes other remediation efforts related to the groundwater reinjection system and soil vapor extraction system monitoring and sampling. EX_337.0013–18. Finally, the 2025 Soil Vapor Report states that the remedial action implementation, performed pursuant to two remediation

Gibson, Dunn & Crutcher LLP

1

work plans,[1] was substantially completed by the end of 2025.  The report doesn't contain just one stray reference to this remediation work; it provides pages of information describing the remediation work performed in 2025 and objected to by Plaintiffs' counsel, including that "[r]emedial action implementation has been substantially completed as of the end of 2025."  EX_337.0014.

Defendants provided Plaintiffs with a copy of this report by email on February 3, 2026, "in advance of [its] posting" to Geotracker.  Hudson Decl., Ex. B at 1.  Plaintiffs' counsel responded on February 9, confirming that Plaintiffs' "experts are evaluating this data" and reserving "all right to supplement based on this data and/or any supplemental disclosures made by defendants' expert."  *Id.*

Three of Plaintiffs' experts did just that, citing the 2025 Soil Vapor Report as data they reviewed and relied on in their February 2026 supplemental reports.  Hudson Decl., Ex. C at p. 12 of 15; Ex. D at p. 6-35; Ex. E at p. 60.  The *only* change Dr. Kram made to his expert report was to add a reference to the 2025 Soil Vapor Report, which he testified "supported what [he'd] been saying."  Hudson Decl., Ex. F at 399:19–400:19, 401:22–25, 402:9–15.  Dr. Tonkin also testified in his deposition that he reviewed the 2025 Soil Vapor Report and that it supported his opinions.  Hudson Decl., Ex. G at 359:7–360:10; *see also id.* 352:2–13; 353:2–5.  Dr. Laton testified that he supplemented his report with new data, including the 2025 Soil Vapor report, because (in his words), "I always want to look at all the data I can get my hands on. And these three reports collectively had new information on both vapor -- soil vapor and groundwater and, therefore, I wanted to make sure to include them in anything I do because . . .  I wanted to make sure to be as complete as possible so I can review all of the data that is available to me."  Hudson Decl., Ex. H at 294:9–21; *see also id.* at 292:11–25; 293:17–21.

Moreover, Dr. Tonkin's report provides that he "retrieved" the 2025 Soil Vapor Report, along with other documents, from Geotracker on February 22, 2026.  Hudson Decl., Ex. D at p. 6-35.  The December 18, 2025 Remedial Action Completion Report was posted to Geotracker no later than

---

[1]  Defendants produced these remediation work plans in April 2023 and January 2024. Hudson Decl. ¶¶ 11–12; see Trial Ex. 1118; Trial Ex. 1119.  Defendants added these exhibits to the parties' original Exhibit List with "no objection" from Plaintiffs.  Dkt. 315 at p. 66 (original Joint Exhibit List); *see also* Dkt. 391 at 100 (Second Amended Exhibit List).

January 16, 2026, meaning it was available when Dr. Tonkin accessed the website. Hudson Decl., Ex. I.

Far from hiding these remediation efforts, Defendants disclosed them in the 2025 Soil Vapor Report before the report was available on Geotracker, as well as in earlier-produced documents. Plaintiffs' experts testified that they reviewed the 2025 report, which specifically references the December 18, 2025 Remedial Action Completion Report multiple times within its first twenty pages. EX_337.0014, EX_337.0016, EX_337.0020. Plaintiffs themselves added the 2025 Soil Vapor Report to the parties' joint exhibit list no later than March 11, 2026. Hudson Decl., Ex. J at 3 ("Plaintiffs are also adding exhibits 1894–1915, identified in the attached Joint Exhibit List"); Ex. K at 2 ("2025 ANNUAL SOIL VAPOR SAMPLING SUMMARY REPORT & SITE STATUS UPDATE, 30 January 2026, Geosyntec").

Finally, contrary to Plaintiffs' counsel's suggestion that Defendants have also failed to produce required, supplemental consultant communications related to the recent remedial work, *see* Hudson Decl., Ex. A at 702:13–15, the parties agreed years ago to limit Defendants' production of any such documents to those from 1995–2020, which they memorialized in a stipulation in 2022. Dkt. 66; Dkt. 66-1 at 3.

Defendants request that the Court overrule Plaintiffs' objection to Dr. Thomas's testimony and permit Defendants to call back Dr. Thomas and finish his direct examination on these topics. *See Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191 (9th Cir. 2022) (reversing exclusion order because Rule 37(c)(1) "does *not* . . . grant the district court broad power to pick and choose portions of witness testimony to exclude as a sanction because it concludes those portions of testimony were not encompassed 'within the scope of the Rule 26(a) disclosures'"); *see also Nelson v. Costco Wholesale Corp.*, 2022 WL 22865376, at *2 (D. Ariz. Aug. 15, 2022) ("the Ninth Circuit Court of Appeals has significantly limited this Court's authority to preclude witness testimony under Rule 37(c)").

Gibson, Dunn &
Crutcher LLP

3

DATED: March 29, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Abbey Hudson*
    Abbey Hudson

Attorney for Defendants NORTHROP GRUMMAN CORPORATION and NORTHROP GRUMMAN SYSTEMS CORPORATION

Gibson, Dunn & Crutcher LLP

4