**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JED and ALISA BEHAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NORTHROP GRUMMAN CORPORATION AND NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>Defendants | Case No. 21-cv-03946-HDV-SK<br><br>CLASS ACTION<br><br>**AMENDED [~~PROPOSED~~] ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING THE FORM AND MANNER OF NOTICE [408, 411]** |

**[~~PROPOSED~~] ORDER**

Plaintiffs have moved under Federal Rules of Civil Procedure 23(e) for an order: (1) preliminarily approving a class settlement on the terms and conditions set forth in the Class Action Settlement Agreement and Release (the "Settlement Agreement"); (2) modifying the class definition that was previously certified by this Court on July 1, 2024 (ECF No. 175), to be consistent with the class definition as set forth herein and in the Settlement Agreement; (3) appointing A.B. Data, Ltd. as Class Administrator; (4) approving forms and the procedures for class notice; (5) setting a deadline of 45 days after the postmark date of the Settlement Notice for class members to opt out or submit written objection; (6) setting a deadline of 60 days after the postmark date of the Settlement Notice for class members to submit claims; (7) scheduling a Final Approval Hearing at the Court's convenience 100 days after the postmark date of the Settlement Notice; and (8) setting a briefing schedule for the Motion for Final Approval and for Class Counsel's application for attorney's fees, costs, and service awards. Terms capitalized herein and not defined shall have the meanings ascribed to them in the Settlement Agreement. The Court has reviewed

and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits attached thereto, and has heard the presentations of counsel appearing with respect thereto. On the basis thereof, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of this action and the Parties.

2. This action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of the Settlement Class, defined as follows:

> All persons who own a single-family home or townhome within the Class Area as of the date of notice of the settlement, as well as all persons who owned a single-family home or townhome within the Class Area as of July 1, 2024, but have since sold their single-family homes or townhomes as of the date of notice of the settlement, excluding employees of Defendants.

3. The Class Area is the outlined and color-shaded area illustrated by the map below and is the area described in the Court's class certification order (ECF No. 175):



4. In light of the agreement to settle this action, the Court's previous orders certifying classes of homeowners of single-family homes and townhomes in the above geographically-defined area (ECF No. 175), and the Court's previous order denying decertification of those classes (ECF No. 302), the prerequisites to class certification under Rule 23(a) are satisfied, to wit:

a. The Settlement Class is so numerous that joinder of all members is impracticable;

b. There are questions of law and fact common to members of the Settlement Class;

c. The claims of the Plaintiffs, Alisa Behar and Jed Behar, are typical of the claims of members of the Settlement Class;

d. The Plaintiffs, represented by counsel experienced in complex environmental and class action litigation, will fairly and adequately protect the interests of the Settlement Class.

5. In light of the agreement to settle this action and the resulting elimination of individual issues that Defendants contend preclude certification of a class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

6. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, certification of the Settlement Class for settlement purposes will be vacated, and the Parties and this action shall be restored to the posture that existed prior to the execution of the Settlement Agreement.

7. Alisa Behar and Jed Behar are and remain hereby designated as Plaintiffs, Settlement Class Representatives, for the Settlement Class.

8. The following counsel is designated and authorized to act as Class Counsel: Michael Akselrud, W. Mark Lanier, Alex J. Brown, and Ryan D. Ellis of THE LANIER LAW FIRM, P.C., Christopher T. Nidel and William W. Cowles of NIDEL & NACE, P.L.L.C., David Page of ENVIRONMENTAL ENERGY & NATURAL RESOURCES ADVOCATES, P.L.L.C., and Gideon Kracov of LAW OFFICE OF GIDEON KRACOV.

9. The Court affirms the authority of Class Counsel and Plaintiffs to execute the Settlement Agreement on behalf of the Settlement Class Members.

10. The members of the Settlement Class who have not exercised their right to exclude themselves from the Settlement Class agree to release the "Released Parties" (as that term is defined in the Settlement Agreement) from the "Released Claims" (as that term is defined in the Settlement Agreement) including without limitation, from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, foreseen or unforeseen, developed or undeveloped, disclosed or undisclosed, contingent or accrued, liquidated or unliquidated, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs and Settlement Class Members ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties for property damage or Mitigation Measures that arise out of or relate to the facts alleged in the Second Amended Complaint (ECF No. 91) or Section VII of the Proposed Final Pretrial Conference Order (ECF No. 348-1 at 10–20) ("Released Claims"). Plaintiffs and Settlement Class Members expressly, knowingly, and voluntarily waive, Section 1542 of the California Civil Code ("Section 1542")[1], any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. The "Released Claims" shall not apply to claims based on an alleged personal injury, wrongful death, or claims for medical monitoring.

11. The terms and conditions set forth in the Settlement Agreement place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held following notice to the Settlement Class. The Court therefore preliminarily approves the

[1] "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Cal. Civ. Code. § 1542.

Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

12. A hearing (the "Final Approval Hearing") shall be held on November 12, 2026 at 10:00 a.m. Pacific Time before the undersigned at the United States Courthouse, 350 W. 1st Street, Los Angeles, CA, 90012, Courtroom 5B.

13. The date of the Final Approval Hearing will be included in the Notice of Proposed Class Action Settlement. The purpose of the Final Approval Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing this litigation with prejudice bringing the litigation to a conclusion, forever releasing the Released Persons from all Released Claims, and permanently barring Class Members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other Settlement-related matters including an award of appropriate attorneys' fees and costs, class representative service awards, and class administration costs (including the costs and fees of the Class Administrator).

14. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Class, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Class.

15. The Court appoints A.B. Data, Ltd. to serve as Class Administrator.

16. The Court has reviewed the detailed Long Form Notice (attached to the Order as Exhibit 1 (English) and Exhibit 2 (Spanish), Claim Form (attached to the Order as Exhibit 3 in both English and Spanish), and Short Form Notice ("Publication Notice") (attached to the Order as Exhibit 4). The Court approves as to form the Long Form Notice, Claim Form, and Short Form Notice. The Court also approves the method of directing notice to eligible members of the Settlement Class, as set forth below.

17. Within 14 days of this Order, the Class Administrator shall prepare and cause individual copies of the Long Form Notice and Claim Form ("Notice Package") to be sent by First-Class U.S. mail directly to all Settlement Class Members as identified to the Class Administrator by Class Counsel. The Settlement Class Member list shall be comprised of Settlement Class Members' names and last known

mailing addresses obtained from the Los Angeles County Assessor's Office. Prior to mailing, the Class Administrator will process the names and mailing addresses through the national change of address ("NCOA") database compiled and maintained by the U.S. Postal Service ("USPS") and mail the Notice Package using the updated information. The postmark date of the Notice Package shall serve as the official postmark date for the Settlement Notice for purposes of the Settlement Agreement, including opt-out, objection, and claims deadlines. Class Counsel shall notify the Court of the postmark date of the Notice Package.

18. Class Administrator will identify, to the extent possible, personal email addresses of Class Members and supplement mailing of the Notice Package by delivering it via email to all Settlement Class Members for whom an email address can reasonably be located.

19. Within 21 days of this Order, the Short Form Notice, in the form of a Publication Notice, will appear once in the publications *Los Angeles Daily News* and Valley News Group (*Warner Center News*, *Valley Vantage*, and *Calabasas Enterprise*).

20. Digital banner advertisements will run for 30 days on the Google Display Network and YouTube platforms, targeting users located in California, specifically within the affected Class Area. The ads will be available in both English and Spanish and will include embedded links to the case-specific website.

21. A case-specific website URL will appear on both the Short Form and Long Form Notices and in all print notices. The digital ads will contain links to the case-specific website. The website will provide Settlement Class Members with the opportunity to get detailed information about the settlement and relevant documents, including the notice documents, key dates and deadlines, a downloadable Claim Form, the Second Amended Complaint, the Proposed Final Pretrial Conference Order, the Settlement Agreement (with the exact percentage of opt-outs that would trigger Defendants' right to terminate the Settlement in paragraph 7.1(c) redacted), the First Amendment to the Settlement Agreement (ECF No. 420), Motions for Preliminary and Final Approval, Motion for Attorney's Fees and Costs, Motion for Class Representative Service Awards, the Class Administrator's declaration of administrative costs, and other relevant pleadings and orders that the Class Administrator deems necessary, as they become available. The motion for Attorney's Fees and Costs, the motion for Class Representative service awards,

and any related filings will be made available on the website for a reasonable period of time, but no less than 20 days before the deadline for class members to file an objection to the Settlement Agreement. The website will also provide functionality for Settlement Class Members to submit their claims online. The website will remain available until the Effective Date (as set forth in the Settlement Agreement).

22. A case-specific toll-free telephone number will appear on the Short Form and Long Form Notices and website. The toll-free telephone number will be equipped with an automated interactive voice response system that presents callers with a series of choices to hear prerecorded information. The automated interactive voice response system will be available in both English and Spanish. If callers need further help, they may leave a voicemail message, and their call will be returned. Callers who leave a message in Spanish will have their calls returned by an individual who speaks Spanish.

23. Thirty (30) days after the postmark date of the Notice Package, the Class Administrator shall send a reminder postcard by First-Class U.S. mail to all Settlement Class Members who have not yet submitted a Claim Form as of that date. The reminder postcard shall be printed in both English and Spanish and shall, at a high level, advise recipients that they may be a member of a class and may be entitled to a significant payment if they submit a valid Claim Form, consistent with the summary language appearing at the front of the Long Form Notice. The reminder postcard shall include the case-specific website URL, a scannable QR code linking to that website, and the case-specific toll-free telephone number, and shall direct Settlement Class Members to those resources for further information and to submit a claim.

24. The Court determines that the "reasonable effort" standard is met in this case based on the use of the existing names and mailing addresses of Settlement Class Members from the electronic tax database maintained by the Los Angeles County Assessor's Office, processing of the names and mailing addresses through the NCOA database compiled and maintained by the USPS, email notice (where reasonably available), paid media notice, geographically targeted web display/banner ad notice, the case-specific website, the case-specific toll-free telephone number, and the supplemental postcard notice. The Court further finds that the foregoing plan for notice to eligible members of the Settlement Class will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

25. At least twenty-one (21) days before the Final Approval Hearing, the Class Administrator shall prepare a declaration of due diligence and proof of mailing of the Settlement Notice and email, if email is deemed feasible, and any attempts by the Class Administrator to locate the Settlement Class Members, to all counsel for presentation to the Court, attaching to the declaration a report showing the name of each individual who submitted a timely and valid opt-out request. The parties shall seek leave to file the names and addresses of individuals who opt out under seal.

26. Members of the Settlement Class who intend to submit a claim must submit a written or electronic claim to the Class Administrator no later than sixty (60) days after the postmark date of the Settlement Notice. The Class Administrator shall verify the Settlement Class membership of those submitting claims and may require additional information from persons submitting claims to validate a claim.

27. Members of the Settlement Class who wish to opt-out and exclude themselves from receiving any benefits for the Released Claims under the Settlement Agreement, must complete and mail a written opt-out request to the Class Administrator within forty-five (45) days after the postmark date of the Settlement Notice. Settlement Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in this action, whether favorable or unfavorable, regardless of whether they submit a Claim Form to the Class Administrator. Members of the Settlement Class who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim Form to the Class Administrator.

28. Members of the Settlement Class who do not request exclusion may submit written objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees and costs and Class Representative Service Awards) within forty-five (45) days after the postmark date of the Settlement Notice by mailing it to or filing it with the Court. If mailed, the objection shall be mailed to: Clerk of the Court, U.S. District Court for the Central District of California, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012. To be accepted, objections to the Settlement Agreement or other Settlement-related matters must:

a. Contain a heading that includes the name of the case and case number;

b. Provide the name, eligible property address(es), current address, and telephone number of the Settlement Class Member filing the comments or objections;

c. Set forth, in clear and concise terms, the legal and factual arguments supporting the objection;

d. Include copies of any documents or other evidence the objector would like the Court to consider. No papers, exhibits or other evidence presented by an objector will be considered by the Court unless it is attached to and included with their written objection;

e. Be signed by the objecting Settlement Class Member; and

f. State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel, as specified in paragraph 29.

29. Settlement Class Members who timely submit a written objection have the option to appear at the Final Approval Hearing, either in person or through counsel. To appear, Class Members must include a statement about the intent to appear ("Notice of Intent to Appear") at the Final Approval Hearing in the objections. No member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing, without permission of the Court, unless the Class Member submits the Notice of Intention to Appear.

30. Unless otherwise directed by the Court, any Class Member who does not submit an objection in the manner specified above will be deemed to have waived any such objection.

31. Class Counsel and Defense Counsel shall file any response(s) to any objections to the Settlement Agreement or other Settlement-related matters no later than fourteen (14) days before the Final Approval Hearing.

32. The Court establishes the following schedule consistent with the Settlement Agreement:

| Event | Schedule |
|---|---|
| Deadline for mailing Settlement Notice, and posting Settlement Notice on case website (actual postmark dat of mailed notice is "Settlement Notice Date") | Preliminary Approval Date + 14 days |
| Deadline for publication notice | Preliminary Approval Date + 21 days |
| Deadline for filing Petition for attorneys' fees, costs, and service awards | Settlement Notice Date + 25 days |
| Deadline for opting out | Settlement Notice Date + 45 days |
| Deadline for Members of Settlement Class to object to Settlement or other Settlement-related matters (including attorneys' fees, costs, and service awards) and/or file Notice of Intention to Appear | Settlement Notice Date + 45 days |
| Deadline for submitting claims | Settlement Notice Date + 60 days |
| Deadline for Filing Motion for Final Approval | 30 days before Final Approval Hearing |
| Deadline for Class Administrator to prepare declaration of due diligence and report of valid opt-out requests, as set forth in Settlement Agreement | 21 days before Final Approval Hearing |
| Deadline for filing response to any objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees, costs, and service awards) | 14 days before Final Approval Hearing |
| Class Administrator provides Declaration detailing Administrative Costs | 10 court days before Final Approval Hearing |
| Final Approval Hearing (including hearing on Petition for attorneys' fees, costs, and service awards) | November 12, 2026 at 10:00 a.m. |
| Establishment of Settlement Fund | Effective Date (as defined by the Settlement Agreement) + 30 days |

33. During the Court's consideration of the Settlement Agreement and pending further orders of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

34. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement (including this Order (except as to this paragraph 34, and paragraph 6) and any judgment entered herein) shall become void and have no further force or effect. In such event, the action shall be restored to the pre-settlement status of the litigation.

35. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, Defendants, any Settlement Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

36. The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

IT IS SO ORDERED:

Date: July 28, 2026



The Honorable Hernán D. Vera
United States Judge